BENJAMIN S. BINNEY *vs.* CHARLES F. ANNAN & another.

The inventor of a machine agreed with a mechanic, that the latter should perfect it, procure a patent for it, and assign the patent to him. The mechanic procured the patent, but refused to assign it. *Held,* that this court had jurisdiction in equity to compel the assignment.

BILL IN EQUITY praying for a decree to compel the assignment of letters patent, and for an account. The defendants demurred, on the ground of want of jurisdiction. The case was reserved by the chief justice, on bill and demurrer, for the determination of the full court, and is stated in the opinion.

*B. Dean,* for the defendants.

*T. W. Clarke,* for the plaintiff.

MORTON, J. The bill states a case which entitles the plaintiff to relief. It sets forth, in substance, that the plaintiff was the proprietor of a new and useful invention for a machine for making paper bags, and that, for the purpose of perfecting the invention and procuring patents therefor, he employed Annan, a skilled mechanic, under a written contract, by which Annan was to labor for the plaintiff in perfecting said machine, to take all necessary steps to patent any inventions or improvements relating to paper bags or any machinery therefor, and to assign to the plaintiff all his rights therein, and all patents therefor. It alleges that Annan has taken out several patents for inventions made by him on paper bag machines, which were issued to himself and the other defendant, Herbert S. Merrill, as his assignee ; and that he and Merrill became confederates to defraud the plaintiff, and are mak-

ing and selling machines under said patents, in fraud of the plain-
tiff ; and it prays that they may be required to assign the said
patents and machines to him, and to account for the profits made
by them in the manufacture and sale of such machines. The de-
fendants demur to the bill, and attempt to sustain their demurrer
upon the ground that the question raised by the bill is one exclu-
sively within the jurisdiction of the federal authorities, and there-
fore cannot be entertained by this court. Their argument is, that
the plaintiff seeks relief upon the ground that he, and not Annan,
was the original inventor of the machines for which patents have
been issued, and that upon this question the decision of the com-
missioner of patents is conclusive. We do not so understand the
allegations of the plaintiff's bill. The plaintiff does not allege
that the patents obtained by Annan are invalid. On the con-
trary, he puts his case upon the ground that they were right-
fully obtained by Annan, and ought to be assigned to him ac-
cording to the agreement between the parties. There is no
conflict involved between this court and the federal tribunals.
No question is raised as to the legality or propriety of the action
of the commissioner of patents, nor are we asked to revise it ;
but the plaintiff seeks to enforce the performance of a contract
for the conveyance· to him of the patent rights and machines.
The question raised by the bill and demurrer is one of which the
commissioner of patents could not entertain jurisdiction, but
which is within the cognizance of the state courts.

*Demurrer overruled.*