40   473
60   380

## Collis J. Potter *vs.* Horace J. Munson and others.

A building had been erected in a country village with funds contributed by the people of the vicinity, to be used by the neighborhood for schools, lectures, and other like public objects. The petitioner had become the owner of whatever interest most of the original donors had, by force of their contributions, in the building, and brought a petition for the sale of it, (under Gen. Statutes, tit. 18, sec. 42,) making the other donors or their representatives respondents. It appeared that the building was no longer needed for school purposes, but that it was the desire of the respondents and of nearly all the people living in the vicinity that it be kept for public use as formerly. Held—1. That it is very doubtful whether a court of equity would under any circumstances order a sale of a building erected for public charitable purposes by contributions intended as gifts, unless by the consent, substantially unanimous, of the persons interested, so long as the building should be needed for the purposes for which it was originally designed.—2. But that the court clearly ought not to order such a sale unless it was shown that it would be for the interest of the parties to be affected by the sale; which was not shown here.

Petition for the sale of a building owned in common; brought to the Court of Common Pleas in New Haven County. The court (*Stoddard, J.*) made a finding of the facts and dismissed the petition, and the petitioner brought the case before this court by a motion in error. The case is sufficiently stated in the opinion.

*Ives*, for the plaintiff in error.

*Doolittle*, for the defendants in error.

Carpenter, J. This is a petition brought to the Court of Common Pleas, to sell a building erected on land belonging to St. Matthew's Parish, a religious society in the town of Plymouth, by their consent, with funds collected by voluntary contributions; to be used for schools, lectures, religious meetings, and other purposes, by the people living in that vicinity. The petitioner claims that he is now the owner of whatever interest most of the original subscribers to the fund had in and to the building itself. The respondents are, or represent, the remaining subscribers. The court found the facts and dismissed the bill. The case is before us on a motion in error by the petitioner.

The question of jurisdiction, raised in the court below by the respondents, and decided *pro formâ* against them, we need not now consider.

Nor is it material for us to determine whether the building in question is or is not real estate.

The court has found that the building is not now needed to any considerable extent for school facilities; but that it is the design and desire of the respondents, and of all the others residing in that vicinity, with very few exceptions, (most of the parties under whom the petitioner claims title having removed from town,) to continue the use and occupation of the building in other respects as formerly.

It is doubtful perhaps whether a building erected for public charitable purposes with means supplied by the public by contributions in the nature of gifts, with nothing to show that any of the contributors expected or desired to acquire or retain any personal interest or title in or to the building, will under any circumstances be sold by a court of equity, unless by the consent, substantially unanimous, of the persons interested, so long as it is needed for the purposes for which it was originally designed. Each subscriber to the fund may claim that he paid his money upon a pledge, implied at least, that the building should remain permanently for those purposes; and that any disposition of it which practically defeats the object in view, operates as a fraud upon him. A sale of the building, by which it becomes the property of an individual in severalty, wholly defeats the charity, and there is great force in the claim that the aid of a court of equity should not be invoked for any such purpose.

But we have no occasion to decide that question. The case does not show that it is for the interest of the parties concerned that the building should be sold; on the contrary it appears affirmatively that a large majority of them desire that it should not. Presumptively, therefore, it is for their interest that it should remain.

On that ground alone we think the bill was properly dismissed.

In this opinion the other judges concurred.