## SARAH P. FORD vs. JOHN KIRK AND OTHERS.

The court of probate has no power to order a sale of the real estate of joint
devisees on account of the difficulty of dividing it. Its jurisdiction is limited
to the distribution of the estate, and the Superior Court, under the statute,
(Gen. Statutes, tit. 18, sec. 41,) can alone order its sale.

The power of the Superior Court in the matter should be very cautiously
exercised, the sale of one's property without his consent being an extreme ex-
ercise of power, and warranted only in clear cases.

By the terms of the statute it must be a case where a sale will promote the
interest of the joint owners better than a partition.

It was found by the court below that certain real estate held under a devise by
the petitioner, who owned one-third, and the respondents, two classes of heirs,
who each owned one-third, could without difficulty be divided into three equal
parts, but that the two thirds held by the respondents could better be sold than
subdivided among all the respondents, and it further appeared that the respond-
ents were opposed to a sale. Held that it was not a case for an order of sale.

VOL. XLI.—2

The petitioner held a mortgage upon one of the other thirds. Held that this constituted no reason for ordering a sale, the statute not extending the remedy of a mortgagee.

A part of the real estate had been sold for taxes of the devisor, and the petitioner had acquired the tax title, the validity of which was in dispute. Held not to afford any additional ground for ordering a sale of the lands jointly held, because, if the title was good, the land covered by it was held by the petitioner in severalty and was therefore out of the case; and if the title was contested no sale ought to be ordered until its validity was determined; and in general such a question should not be tried upon the petition for a sale, but as a preliminary matter in an independent suit.

BILL IN EQUITY for the sale of certain land owned in common by the petitioner and respondents; brought to the Superior court in Fairfield County. The court found the following facts:—

The land in question is a part of the estate of Nehemiah Brown, who died in 1840, having devised it to his widow for life and after her decease an undivided third part to his daughter Sarah Ford, the petitioner, one third to his daughter Julia Kirk, and one third to his daughter Eliza Snyder, for life, and after her death to her children. The widow died on the 21st of March, 1869.

After the death of the devisor and before that of the widow, Julia Kirk, with her husband, mortgaged her third part to one Mead, who afterwards assigned his interest in the mortgage to the petitioner.

A part of the land, after the death of the devisor and before that of the widow, was sold for taxes, and the tax title acquired by the petitioner. The validity of this title was however questioned.

Julia Kirk died, after the death of the devisor and before that of the widow, leaving children, in whom her interest vested.

After the death of the widow a distribution of the land as a part of the estate of the devisor was ordered by the court of probate, and a distribution made; but the validity of the proceeding was questioned in the case. In the view of the case taken by this court the facts affecting this question are not important.

It was found by the court that the land could be as well distributed and aparted into three divisions, namely, between the petitioner, the heirs of Julia Kirk, and Eliza Snyder and her children, as it could be sold and the avails of such sale divided in the same proportions to the same parties, providing the land could be so sold in accordance with the statute; but that the estate could not be as well divided among all parties in interest as the same could be sold and the avails thereof distributed to each party in interest in proportion to his or her respective share.

Upon these facts the case was reserved for the advice of this court.

*Child* and *Hoyt*, for the petitioner.

*Curtis*, for the respondents.

SEYMOUR, C. J.   The petitioner seeks for an order of sale of certain real estate in which she is interested in common with the respondents.

The facts appear in the finding of the Superior Court, to which reference must be had.

The first claim made by the respondents is that the Superior Court has no jurisdiction to order the sale of the estate, the same being owned by the parties as devisees under the will of Nehemiah Brown deceased, and being, as the respondents say, within the exclusive jurisdiction of the probate court.

The power conferred upon the Superior Court to order the sale of property in which several persons are interested is very broad.   By the 41st section of the Act regulating proceedings in Equity it extends to real estate held in joint-tenancy, in common, coparcenary, or otherwise.   And by chapter 43d of the Acts of 1866 it extends to any real estate in which, or any portion of which, two or more persons have different and distinct interests.   The court of probate has no power to order the sale of real estate merely because of the difficulty of dividing it.   The jurisdiction of that court is limited

to the *distribution* among joint devisees, and cases may arise where the Superior Court should order *a sale* of real estate of which the *distribution* might pertain to the jurisdiction of the court of probate.

But although extensive powers are vested by the statutes above referred to in the Superior Court, the power always has been and always ought to be very cautiously exercised. The compulsory sale of one's property without his consent is an extreme exercise of power warranted only in clear cases.

By the express terms of the statute it is warranted only " where a sale will better promote the interest of the parties in interest," that is, will better promote it than a partition.

In this case the Superior Court finds " that the estate sought to be sold can be as well distributed and aparted into three divisions, (namely, between the petitioner, the heirs of Julia Kirk, deceased, and Eliza Snyder and her children,) as it can be sold and the avails of such sale divided in the same proportion to the same parties, providing said land can be sold in accordance with the statute ; but said estate cannot be as well divided among all the parties in interest as the same can be sold and the avails thereof distributed to each party in interest in proportion to his or her respective share."

Upon this finding we think the order of sale ought not to be made. The petitioner can have her third part set out to her without difficulty. So far as setting out her share to her the land is capable of partition and full justice can by the partition be done to her. Why then should *she* be permitted to demand a sale, if, so far as the petitioner is concerned, a sale will not better promote *her* interest than a partition ?

Will it better promote the interest of the respondents ? The counsel for the petitioner say it is so found, and claim that the petitioner may on that ground demand a sale, but the respondents object, and we think the petitioner cannot force upon them a boon which they do not seek. The respondents prefer that the property should be divided into three parts, that the petitioner should take hers in severalty, whereby she gets her fair share, and that the remaining two

third parts should not be sub-divided. We think the petitioner as a devisee of one third of her father's estate has no interest in this sub-division among the children of her sister. The petitioner has no right to require such sub-division to be made ; no right to put those children to an election between a sale and a partition so far as she and her rights are concerned. The fact that a sale is better than the sub-division is irrelevant and immaterial, since neither the sale nor the sub-division are necessary to the enjoyment by the petitioner of all her rights in the premises.

Besides her interest as devisee under her father's will, the petitioner has a mortgage upon the share of the children of her sister, Mrs. Kirk, and the claim is made that this fact should have some weight in favor of ordering the sale sought for. But we think her appropriate remedy as mortgagee is by foreclosure. The statutes above referred to authorizing sales cannot be construed as extending the remedy of mortgagees and as authorizing the sale of mortgaged premises upon application of the mortgagee.

It appears also that there has been a sale of portions of the real estate of Mr. Brown to pay taxes, and the petitioner claims title to the portions thus sold. Whether the sales thus made were regular and legal does not appear, nor is it found whether the petitioner's title is or is not good under them. Upon the statement of facts in the finding there is reason to doubt the validity of the alleged tax title. If Mrs. Ford has good title under the tax collector, then, quoad the land thus owned in severalty by her, they are out of the case, and are not subjects of partition or of an order of sale by the Superior Court. If however it be true, as seems probable from the finding, that there is a contest in regard to these tax titles, there ought to be no order of sale until that contest is settled ; and such contest cannot in general be settled upon the petition for sale, but ought to be settled as a preliminary matter in an independent suit.

For the several reasons thus given, we advise the Superior Court to dismiss the petitioner's bill.

We have no occasion to decide upon the validity of the dis-

tribution of the estate made by the court of probate. The remedy for the parties, if they are dissatisfied with that distribution, is by appeal.

In this opinion the other judges concurred.