THOMAS J. VAIL vs. HENRY HAMMOND.

Hartford Dist., March T., 1891. ANDREWS, C. J., LOOMIS, SEYMOUR, TORRANCE and FENN, Js.

The statute (Gen. Statutes, § 1307,) which confers power on a court of equity to order a sale of property owned in common where in its opinion a sale will be more advantageous to the owners than a partition, applies only to cases of ownership; a person having merely an interest in property, but not a title, is not entitled to an order of sale.

And it does not confer on the court any power to order a sale to pay debts. Where a sale was sought by one of two owners of a patent, not for the

purpose of dividing the proceeds, but of paying an indebtedness of the defendant to the plaintiff, it was held that the object was one for which the court could not order a sale.

Whether the court could order a sale for the purpose of dividing the proceeds between the owners: *Quœre.*

The right of a patentee in a patent is property which is subject to the claims of a creditor, and may be reached by a proper proceeding in equity and applied to the payment of his debts.

And to accomplish this the court may require the debtor to execute a conveyance of the patent to a receiver; and this though the patent was issued by a foreign government.

The court below having found that the debtor had agreed that the patent should be sold for the purpose of paying the plaintiff for his advances, it was held that the order for a sale was in the nature of an order for a specific performance of that agreement.

A creditor's bill that is strictly such exists only in those jurisdictions in which law and equity are administered by separate tribunals. Where, as in this state, a creditor can in the same suit have judgment for his debt and the necessary equitable aid to obtain payment out of any property of the debtor, a creditor's bill is not necessary.

Where upon facts proved the plaintiff is entitled to relief, and there is more than one method in which the relief can be granted, it is for the court in the exercise of its discretion to select that one which is best, and the exercise of its discretion in the matter will not be a ground of error.

[Argued March 5th—decided April 20th, 1891.]

SUIT for an injunction, the appointment of a receiver for certain letters patent, a settlement of accounts between the parties, and an order of sale of the patents; brought to the Superior Court in Hartford County and heard before *F. B. Hall, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is sufficiently stated in the opinion.

*A. P. Hyde,* with whom was *H. Cornwall,* for the appellant.

1. The courts of Connecticut have no power to order the sale of patents, because the court finds that it would promote the interest of the parties to have the same so sold. Under section 1307 of our statutes courts are authorized to order the sale of any estate owned by two or more persons when, in the opinion of the court, a sale will better promote the interests of the owners. We insist that this provision

of the statute refers only to property which is within the jurisdiction of the state court. It has been held that a patent issued by the United States government is not property within the jurisdiction of the state court. It cannot be attached; it cannot be ordered to be sold. *Ashcroft* v. *Walworth*, 1 Holmes, 152; *Gordon* v. *Anthony*, 16 Blatch., 234; *Carver* v. *Peck*, 131 Mass., 291. We do not claim that, in the case of actual insolvency or bankruptcy, the state court may not by personal decree against the owner of a patent compel him to assign it to his assignee, so as to be distributed among his creditors, nor that if a contract be proved to have been made between the owner of a patent and a third party, which entitles the third party to an interest in the patent, the state court might not by a decree against the owner of the patent compel him to specifically perform his engagement. But we do claim that the mere fact of joint ownership in a patent does not entitle our court to order a sale of the whole patent because they deem it to be for the interest of both parties so to do.

2. The plaintiff alleged in his complaint that his advancements with interest should be first repaid to him from the use or sale of the patented inventions and letters patent, and that thereafter all such inventions so made by Hammond, and the letters patent obtained therefor, and the tools and machinery and other property proper for the carrying out of the agreement, should become the joint property of Vail and Hammond equally. In the answer Hammond denies that the advancements were to be repaid from the sale or use of the patents, but that the same were to be paid for by a conveyance to Vail of one half of the patents; and this was the only contention between the parties, whether Vail had a lien upon the patents for the repayment of his advances, and then to own one half of the patents afterwards, or whether his advances were to be repaid by a conveyance of one half of the patents. The court has gone further, and found that the whole of the patents were to be sold—not merely enough to repay Vail, but the whole of the patents sold and the proceeds divided. This finding is not

responsive to the allegations, and was not authorized by the allegations and bill, and is a finding of a matter which is not in issue.

3. The court erred in refusing to allow the defendant to redeem the lien claimed by the plaintiff if it should be found, and retain an interest in these patents, or to limit the sale to so much of the patents as would repay the amount due Vail with costs and expenses. This was a vitally important question. In the complaint Vail only claimed that he had a right to be reimbursed from the sale or use of the patents for the money that he had advanced, and admitted that when so reimbursed the defendant had a right to hold one half of the patents then remaining. But upon the trial it was insisted that, no matter though Vail was reimbursed, Hammond, the inventor, must be deprived of all right or interest in his patents. The consequences are serious. If he could reimburse Vail and hold an interest in his patents, he could go forward and perfect them, make them valuable, and thus save his lifework. But the plaintiff insisted that he must not have any right to do so. He must be deprived of that right. This is not only unjust and cruel, but we believe that the court erred, as a matter of law, in refusing to allow him to redeem and retain an interest in his patents. The only justification for this action is found in the finding that the "sale thereof will best promote the interests of both the plaintiff and defendant." *Ager* v. *Murray*, 105 U. S. R., 126; *Ashcroft* v. *Walworth*, 1 Holmes, 152; *Gordon* v. *Anthony*, 16 Blatch., 234; *Carver* v. *Peck*, 131 Mass., 291; *Cooper* v. *Gunn*, 4 B. Monr., 594.

4. It is very clear that the court erred in ordering a sale of patents issued in England and in Canada, over which our courts have no jurisdiction. Even if patents issued by our government are held to be within the jurisdiction of our state courts, yet clearly patents issued by foreign governments are wholly beyond their jurisdiction.

*C. E. Perkins* and *A. Perkins*, for the appellee.

ANDREWS, C. J. The cause of action set forth in this complaint is based upon the breach of an alleged contract between the parties, both of whom resided in this state, to sell certain patents owned by the defendant, for the purpose of paying the plaintiff the advancements which he claims to have made to the defendant in respect to the patents.

The defendant demurred to the complaint and assigned various reasons of demurrer. Most of these point out grounds on which it was claimed that the complaint was multifarious. The demurrer was overruled. Before the hearing the plaintiff, by amendments to the complaint, and by changing the prayers for relief, removed the causes for which these reasons of demurrer were assigned. If it be true that the complaint was multifarious at first and there was error in overruling the demurrer, still we think by reason of the amendments such error did not injuriously affect the defendant, and that under section 1135 of the General Statutes it cannot be considered on appeal.

Another reason of demurrer was that the Superior Court, as a state court, had no power to order the sale of the defendant's interest in the patents on the ground that a sale would better promote the interests of the plaintiff and the defendant. Section 1307 of the General Statutes is that " courts of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any estate, real or personal, owned by two or more persons, when in the opinion of the court a sale will better promote the interests of the owners; and of any real estate in which, or any portion of which, two or more persons may have different and distinct interests, when in the opinion of the court such real estate cannot be conveniently used and occupied by the parties in interest together and a sale will better promote the interests of the owners." The argument of the defendant is, that this statute applies only to tangible property which is within the jurisdiction of the courts of this state ; and that a patent is not property within the jurisdiction of any state court.

The jurisdiction of a court of equity is ordinarily *in per-*

*sonam,* and not *in rem.* A state court, having jurisdiction of all the persons interested in a patent, might, perhaps, compel the sale of the patent, in a proper case, for the purpose of converting a joint ownership into several ownerships, as well as to compel the sale for any other purpose. The language of the statute is broad enough to confer such power. But we do not decide this. We purposely leave it undecided.

The real ground on which the demurrer should have been placed was, that the case made in the complaint was not one which authorized the court to order a sale under that statute. The object of the statute is to enable any joint owner, or owner in common with another, of real or personal property, to put an end to such joint ownership. "No person can be compelled to remain the owner with another of any real estate, not even if it became such by his own acts. Every owner is entitled to the fullest enjoyment of his property, and that can come only through an ownership free from dictation by others as to the manner in which it shall be exercised. Therefore the law affords to every owner with another relief by way of partition, and this regardless alike of the difficulties attending separation and the consequences to his associate. Rights to the use of running water and rights to dig ores have been declared to be subject to this law. But inasmuch as it might sometimes happen that by a partition the property would be practically sacrificed, the statute has opened the way of escape from such a result. It permits a court of equity to order the sale when in its opinion a sale will better promote the interests of the owners." *Johnson* v. *Olmsted,* 49 Conn., 517. This decision had reference to real estate, but the statute confers equal power on the court to order a sale in cases of the joint ownership of personal property. A series of decisions has shown that this statute applies only in cases of ownership. It does not mean that any person interested in any way in real or personal estate may bring a complaint and that the court must order a sale. But only those interested therein as owners are so entitled. *Spencer* v. *Waterman,* 36 Conn., 342; *Wilson* v. *Peck,* 39

Conn., 54; *Potter* v. *Munson*, 40 Conn., 473; *Ford* v. *Kirk*, 41 Conn., 9; *Johnson* v. *Olmsted*, 49 Conn., 509.

This statute does not confer any power on the court to order a sale of property for the purpose of paying debts. The plaintiff was not the owner of the patents in this case. He did not claim to be the owner; on the contrary he asserted that the defendant was the sole owner. He did not seek to be made the owner of them, but only asked that they be sold in order to pay him a debt. We think therefore this averment of the complaint should have been stricken out, either upon the demurrer or upon a motion to expunge. If, however, the other averments in the complaint require, or fully support, the judgment that was in fact made, then this averment may be treated as surplusage and has done the defendant no harm. *Sandford* v. *Thorp*, 45 Conn., 241.

Later in the progress of the case the defendant filed an answer and there was a hearing. The court found the issues for the plaintiff, and that there was an agreement between the parties that all the patents should be sold and from the avails of such sales the advances made by the plaintiff, with interest thereon, should be first paid, and the remainder of such avails after such payments should be equally divided between them. The court also found the amount of the advancements made by the plaintiff, that the defendant refused to proceed further under the agreement, or in selling or attempting to sell the patents, and that the plaintiff and defendant were unable to come to any agreement respecting their interest in the property, and thereupon appointed a receiver, ordered the defendant to convey the several patents to the receiver, and directed the receiver to sell the same and to apply the avails as set forth in the judgment.

The defendant insists that the judgment goes beyond the allegations of the complaint. He does not deny that the judgment, so far as it directs a sale of the patents for the purpose of repaying to the plaintiff the advancements he has made, is warranted by the averments of the complaint. But, he says, the court has gone further, and has found that

the whole of the patents were to be sold—not merely enough to repay the plaintiff—but the whole of the patents, and the proceeds divided; and in this respect he says the finding is not authorized by the allegations of the complaint and is a finding of matter not in issue.

This objection must be answered by a reference to the complaint. The first and the third paragraphs contain the averments necessary to be considered. The first is important in this respect only because it is by reference made a part of the third. The first paragraph alleges that the plaintiff was the owner of certain pistols and parts of pistols; that the defendant was a mechanic and inventor of skill and experience; and that they agreed that the defendant should devise some plan to convert such pistols and parts of pistols into sporting rifles; and that the plaintiff should advance all sums of money necessary for expenses and materials and for the hiring of other workmen. " And it was further agreed that all such sums so advanced by said Vail, with interest thereon, should be first repaid to him from the sales of such rifles and pistols, and that the remainder of such rifles and pistols, after such reimbursement, should belong equally to said Hammond and said Vail, and the net returns arising from the sales thereof should be divided equally between them." This was an agreement concerning property which was valuable not to hold but only to sell, and the agreement was made for the purpose of putting the property into a condition more convenient for sale, and so it became plain that the agreement alleged is one for the sale of the property and not for a holding of it in joint ownership.

The third paragraph alleges that " it was agreed by and between said Vail and said Hammond that said Vail should engage in obtaining the pending and other patents for such improvements then made or to be made relating to said system, on the same terms as said agreement (the one mentioned in the first paragraph) had been entered into; that is to say, that said Vail should advance all needed moneys for perfecting said improved system and method of making axes and procuring letters patent therefor, and making the

same available for use or sale, and that all such advancements should be first repaid to said Vail from the use or sale of said patented inventions or improvements and letters patent, and thereafter all such inventions or improvements so made by said Hammond, and the letters patent obtained therefor, and the tools, machinery and other property proper for the carrying out of said agreement, should be and become the joint property of said Vail and said Hammond equally, and all moneys and property arising from the sale or use of the same should be equally divided between them." It is impossible to read this paragraph without perceiving that the pleader had in mind, and intended to state, a contract between the parties that included as one of its terms the sale of the entire patents, and the division of so much of the avails as exceeded the amount of the advancements that had been made by the plaintiff. The answer denied any agreement whatever to sell the patents, either in part or in whole. It averred that the defendant was to convey a one half interest in the patents to Vail in payment for the advancements he had made and that they were to own and hold them together. If the defendant had then had any doubts as to the claim the plaintiff intended to make in regard to a sale of the patents, he might have asked and obtained an order for a more specific statement. He did not do so. He makes no claim that the finding of the court was not based upon sufficient and competent evidence. According to his claim now this evidence would not have been admissible. But he did not object to it. It seems to us that the finding and the judgment of the court in respect to the sale of the patents was fairly within the issue, and we are unable to see that the defendant was in any wise misled.

In this view of the complaint, (and laying out of it, as already indicated, the averment that a sale would better promote the interests of the parties) it is a creditor's bill seeking to apply these patents in payment of the defendant's debt to the plaintiff. It alleges the agreement between the parties pursuant to which the indebtedness arose, states the debt, and the fact that these patents were agreed to be

sold for its payment, the refusal of the defendant so to do, and that the defendant is without other property or estate from which the debt can be secured, and prays for a sale of the patents through an officer of the court, to the end that the indebtedness may be paid.

A creditor's bill strictly exists only in those jurisdictions where law and equity are administered by separate tribunals. A creditor first obtains a judgment in a court of law, and then seeks the aid of a court of equity to apply in payment of the judgment some property which could not be attached or taken on execution in the action at law. But in this state, where the same court administers both law and equity, and where legal and equitable remedies can be granted in the same action, a creditor can in the same complaint have judgment for his debt and also the necessary equitable aid to obtain payment out of any property of the debtor which the law court could not reach. The allegations of the complaint as summarized above are sufficient in substance and in form to sustain such a decree. No want of power in the court is suggested, and there was full jurisdiction over the parties.

It is settled by abundant authority that the right acquired by the patentee by the issue of a valid patent, is property which is subject to the claims of a creditor and may be reached by a proper proceeding in equity and applied to the payment of his debts. *Gillette* v. *Bate*, 86 N. York, 87; *Wilson* v. *Martin-Wilson Fire Alarm Co.*, 149 Mass., 24; *S. C.*, 151 Mass., 515; *Barnes* v. *Morgan*, 3 Hun, 703; *Pacific Bank* v. *Robinson*, 57 Cal., 520; *Fuller & Johnson Mfg. Co.* v. *Bartlett*, 68 Wis., 73; *Stephens* v. *Cady*, 14 Howard, 531; *Ager* v. *Murray*, 105 U. S. R., 126. And to accomplish this object the court may require the debtor to execute a conveyance of the patent to a receiver. *Pacific Bank* v. *Robinson, supra; Barton* v. *White*, 144 Mass., 281; *Keach Petitioner*, 14 R. Isl., 571; *Ager* v. *Murray, supra; Satterthwait* v. *Marshall*, 4 Del. Ch., 337; *Searle* v. *Hill*, 73 Iowa, 367; 3 Robinson on Patents, 660. And may also require the conveyance of a patent issued by another government. *Adams* v. *Messenger*, 147 Mass.,

185. It is conceded by the defendant that the court might compel such a conveyance in a case of insolvency. But the power of the court is no greater to compel the conveyance of a patent for the benefit of creditors generally, than it is to compel one for the benefit of a single creditor. Besides, if by possibility there was any defect or want of power in the court to make such an order, it would in this case be more than supplied by the agreement of the defendant to do this very thing. The order of the court in this respect would be in the nature of a specific performance of that agreement. *Binney* v. *Annan*, 107 Mass., 94; *Somerby* v. *Buntin*, 118 Mass., 279; *Nesmith* v. *Calvert*, 1 Wood. & Minot, 34; *Hartell* v. *Tilghman*, 99 U. S. R., 547.

It is stated in the finding that, after the decision of the issues in the case in favor of the plaintiff but before the judgment file had been signed or filed, the defendant requested the court to decree, and provide in the judgment file, that in case Hammond should, within a reasonable time after such conveyance to the receiver as might be ordered by the court, pay or cause to be paid to the receiver the sums found to be due to the plaintiff, and all outstanding bills, costs and expenses of the receivership, then the receiver should not sell the patents and property, but should convey one half thereof to the plaintiff and the other half to the defendant. The court declined so to do. The defendant assigned this as one ground of error. We cannot regard the refusal as an error in law. Having found the facts set out in the complaint to be proved and true, it was the duty of the court to so frame its decree as to secure to the plaintiff the relief to which those facts entitled him. And while this ought to be done in a way to be the least burdensome to the defendant, he cannot require that the rights of the plaintiff be sacrificed to his convenience. If there is more than one method that may be adopted, it is for the court in the exercise of its discretion to select that one which on the whole is the best. And such exercise of discretion is not ground for error.

As to the nipper patent, the objection seems to have been obviated by the form of the decree.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.