## JOHN NOVITSKY
*vs.*
## ESTHER NOVITSKY

Superior Court        Fairfield County        File No. 60348

MEMORANDUM FILED NOVEMBER 14, 1940.

*Michael Strauss,* of Bridgeport, for the Plaintiff.

*Theodore E. Steiber,* of Bridgeport, for the Defendant.

KING, J.   1.   The plaintiff orally moved for a disclosure of defense and the defendant's counsel orally stated what he claimed to be a defense, in addition to having filed a general denial.

Under section 60 on page 36 of the Practice Book (1934), all motions must be in writing. This oral motion for disclosure of defense, apparently made under section 82 on page 40, was improper.

While a disclosure of no defense is usually made orally, at least since the decision in *Lampson Lumber Co. vs. Chiarelli,* 100 Conn. 301, 313, it is obvious that a disclosure of any actual defense must be in writing, as required by section 82.

And, when made, its validity cannot be summarily passed upon. This is settled in *Jennings vs. Parsons*, 71 Conn. 413, 416, although at that time the rule of court did not require the disclosure to be in writing.

So that in any aspect of the situation, the court could not hold, under the circumstances, that judgment should be entered for the plaintiff under this motion.

For the foregoing reasons the motion for disclosure of defense, if it can be considered one, is denied and dismissed.

2. The plaintiff has also moved for a partition by sale, and, in a separate motion, for the appointment of a committee to make such a sale. It should be noted that the plaintiff, in these motions, is not asking for a partition in the sense of a division in specie, but for a partition by sale.

Of course, the third motion should be granted or denied in accordance with the disposition of the second motion.

The statute provides that a partition, in kind, of property actually owned by two or more persons is a matter of right. Gen. Stat. (1930) §5922; *Vail vs. Hammond*, 60 Conn. 374, 379. But a partition by sale is a matter of discretion, to be ordered only when it is apparent that "a sale will better promote the interests of the owners" than would a partition in kind or actual division. Gen. Stat. (1930) §5927; *Johnson vs. Olmsted*, 49 Conn. 509, 517; *Kaiser vs. Second National Bank of New Haven*, 123 id. 248, 256.

Obviously, such a decision cannot be reached without proof of facts furnishing a basis for such a conclusion. No evidence of any kind was presented, nor does the defendant's general denial admit any such allegations, assuming that they are alleged in the complaint. There is therefore no basis for granting either the second or third motions.

3. For the foregoing reasons, the so-called motion for a disclosure of defense, the motion for a partition by sale, and that for the appointment of a committee to make a sale, are each severally denied and dismissed.