TERESINA P. MARCHIONE
*vs.*
FRANK MARCHIONE

Superior Court          Hartford County          File No. 71410

MEMORANDUM FILED DECEMBER 18, 1944.

*Francis V. Tracy,* of Bristol, for the Plaintiff.

*James T. Mather,* of Bristol, for the Defendant.

ALCORN, J. The plaintiff is the defendant's wife. She brings this action seeking a decree compelling the defendant to perform an agreement to convey to her his interest in the real estate which has stood in their joint names since 1926 and which they occupied as a home. A second prayer for relief seeks an injunction "restraining the plaintiff from interfering

with the possession of plaintiff and from incumbering or otherwise disposing of his interest in said premises." Obviously that claim is misstated. Finally, there is a claim for damages.

Assuming, but not deciding, that the plaintiff's evidence were found to be wholly true, it would establish that the parties, while living together as husband and wife, entered into an oral agreement on November 28, 1943, by which the plaintiff undertook to refrain thereafter from claiming any support from the defendant for herself or her minor son, and in consideration thereof the defendant undertook to convey his undivided half interest in the farm to the plaintiff. The next day, that is, on November 29, 1943, the parties separated, but the defendant has refused to convey his interest in the farm to the plaintiff, although the plaintiff has made no claim for support. The defendant returned to resume living with the plaintiff on June 12, 1944, but the plaintiff refused to live with him.

Such a state of facts presents a type of agreement which will not be enforced in Connecticut. Concerning separation agreements, our Supreme Court has said: "The principle upon which they are sustained is, not that the separation should be enforced, nor that it is lawful for the parties to contract to separate, but that when they are living apart for causes rendering such separation reasonably necessary, the agreement of the husband to perform his duty to furnish support for his wife should be carried out. No agreement looking to a future separation of husband and wife, nor for her maintenance after such future separation, will be maintained by a court of equity." *Boland vs. O'Neil*, 72 Conn. 217, 220. Neither is an award of damages permissible in such a situation. *Boland vs. O'Neil*, *supra.*

The defendant's cross complaint seeks a receiver for the properties, moneys, rents, and affairs of the parties; sale or partition of the real and personal property; an order respecting profits allegedly retained by plaintiff; an accounting; an order that plaintiff return to defendant certain personal property; an injunction; and damages.

The farm was conveyed to the plaintiff and defendant by the plaintiff's mother in July, 1926. No cash was paid for the conveyance but the grantees gave a purchase money mortgage of $2,000. From 1926 to 1941 they paid nothing on the prin-

cipal of the mortgage and in 1941 they refinanced with the Federal Land Bank, which took a $2,200 mortgage in place of the original. The Federal Land Bank mortgage has since been reduced to $1,800.

The defendant has had steady, full time employment at the Wallace Barnes Company in Bristol for the last twenty years. The plaintiff, on the other hand, gave her attention solely to her responsibilities as a housewife and mother until 1941. Until 1941 the defendant provided and handled all of the family income. During that period he gradually built and added to the dwelling, at a total cost of about $3,500. Between 1941 and 1943 the defendant turned all of his earnings, except some slight spending money, over to the plaintiff and she managed the family finances. At that time the defendant was earning between fifty and sixty-five dollars per week.

Over the years, in addition to building the house, the defendant spent about $500 in drilling a well and about $1,200 for lumber with which in his spare time he built outbuildings. He also bought a truck worth about $275, a cow, two horses, a pony, and some small farm equipment.

In 1940 the defendant bought and raised 1,500 chicks of which 1,200 were sold and 300 were kept as a nucleus from which the flock has gradually increased. In June, 1941, the defendant's brother, upon his graduation from the University of Connecticut, came to live on the farm. For six months he worked in a factory and saved about $600, which he invested in the chicken business being conducted on the plaintiff's and defendant's farm and thereafter has devoted all of his time to that business. Since 1941 the plaintiff and her minor son have also devoted time to the chicken business. Beginning early in 1944 the plaintiff's minor son and the defendant's brother each have drawn $20 a week from the proceeds of the chicken business and each has paid the plaintiff $15 per week for board and room. All other proceeds from the chicken business have been reinvested to expand the business. The plaintiff is also currently receiving $25 to $30 per month for board and room of a married daughter and her child, the daughter's husband being in the armed forces.

There was no evidence to indicate that detailed records of the income and expenses of the chicken business have ever been kept. Income tax returns incorporating this source of income

were made in 1941 and 1942 in the defendant's individual name. In 1943 and 1944 similar returns were filed in the name of the Marchione Poultry Farm. No substantial profit was disclosed on these returns until 1944 when the gross profit was some $3,000.

During the period from November 29, 1943, until June 12, 1944, when the defendant voluntarily lived apart from the plaintiff, he furnished no support to his family because he considered the proceeds from the chicken business adequate for the purpose, but he did pay taxes upon the real estate, and mortgage interest.

The allegation of waste has not been established. Since the defendant left his family to conduct affairs and support them-selves from the farm and chicken business between November 29, 1943, and June 12, 1944, there is hardly any equitable basis for him to complain of waste or to demand an accounting, at least during that period. Since June 12th the defendant's absence has been due to the plaintiff's refusal to accept him again as a husband, based apparently upon her erroneous con-ception of the attempted separation agreement. That she has committed waste during that period, however, is not established by the proof offered. Neither is there any basis for an award of damages.

Receivership and injunctive relief rest in the exercise of sound judicial discretion. *Van Tassel vs. Spring Perch Co.,* 113 Conn. 636; *Olechny vs. Thadeus Kosciuszko Society,* 128 *id.* 534. The situation disclosed here does not justify either a receivership or an injunction. The defendant's brother is not a party to these proceedings although he apparently claims a financial interest in the chicken business. His absence as a party requires not only a denial of an injunction in the terms sought but also a denial of the prayer for a partition or sale of both the real and personal property and, in the event of a sale, an order as to the distribution of the proceeds. While a parti-tion or sale is a matter of right (*Johnson vs. Olmsted,* 49 Conn. 509) the exercise of the power to decree such relief must be exercised cautiously. "The compulsory sale of one's property without his consent is an extreme exercise of power warranted only in clear cases." *Ford vs. Kirk,* 41 Conn. 9, 12.

No obstacle should be presented to a reconciliation of this husband and wife. The status of the supposed separation

agreement having now been clarified, it is to be assumed that no obstacle will be placed in the way of the defendant occupying the farm and engaging in the business there. If it later develops that either of these parties has a valid ground for divorce and asserts it, the question of property rights between them should be determined in appropriate proceedings at that time.

Judgment may enter in favor of the defendant upon the complaint and in favor of the plaintiff upon the cross complaint.