ANNA NAROWSKI *v*. ANDREW KICHAR ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued May 14—decision released June 17, 1980

*Kevin M. Tepas,* with whom, on the brief, was *Howard T. Owens, Jr.,* for the appellants (defendants).

*Prescott W. May,* with whom, on the brief, was *Herbert S. Slavitt,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action for partition[1] alleging that she has an undivided one-half interest and each of the defendants a one-eighth interest in the subject property. The defendants, by way of special defense, alleged that the plaintiff's title to the property was void in that the deed was not validly executed and was procured through misrepresentation and undue influence. The defendants also filed a counterclaim alleging that the plaintiff's title was procured by fraud and asking that the court impose a constructive trust upon the property. The plaintiff moved to strike the special defenses and counterclaim.[2] The trial court granted the motion to strike.

---

[1] "[General Statutes] Sec. 52-500. SALE OF REAL OR PERSONAL PROPERTY OWNED BY TWO OR MORE. Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any estate, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners. The provisions of this section shall extend to and include land owned by two or more persons, when the whole or a part of such land is vested in any person for life with remainder to his heirs, general or special, or, on failure of such heirs, to any other person, whether the same, or any part thereof, is held in trust or otherwise. A conveyance made in pursuance of a decree ordering a sale of such land shall vest the title in the purchaser thereof, and shall bind the person entitled to the life estate and his legal heirs and any other person having a remainder interest in the lands; but the court passing such decree shall make such order in relation to the investment of the avails of such sale as it deems necessary for the security of all persons having any interest in such land."

[2] In her motion, the plaintiff alleged that the special defenses could not be a defense to an action for partition, and that the counterclaim could not lie because the estate of Maty Kichar was not a party to the action.

At trial the plaintiff placed in evidence a quitclaim deed from one Maty Kichar to Paul Kichar, one of the defendants, and Anna Narowski, the plaintiff.[3] Francis Baut, an attorney, testified that he had prepared the quitclaim deed and had witnessed its execution, that the deed was signed in his presence and that he had taken the acknowledgment. The defendants attempted to cross-examine the witness as to the preparation and execution of the deed and as to the mental state of the grantor at the time of its execution. The plaintiff objected on the ground that any inquiry as to the validity of the deed had been foreclosed when the court had ordered the special defenses and the counterclaim stricken. The court sustained the plaintiff's objection.

The defendants then made an offer of proof in order to show that the plaintiff did not have valid title. Again, the plaintiff objected to such offer of proof upon the same grounds and the court sustained the objection. The defendants duly excepted to the rulings of the court. From the judgment ordering the sale of the subject property the defendants have appealed.

Only the owner of real or personal property may proceed under § 52-500 of the General Statutes to have that property partitioned or sold. *Vail* v. *Hammond,* 60 Conn. 374, 379, 22 A. 954 (1891). It was therefore appropriate for the defendants to raise by way of special defense the invalidity of the deed through which the plaintiff claims ownership. See Practice Book, 1978, § 164. The fact that the defendants derive their apparent title through the

---

[3] Paul Kichar subsequently quitclaimed his interest to himself and to the other defendants.

same deed is not relevant to the determination of the validity of the deed through which the plaintiff claims title.

There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.