[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO VACATE JUDGMENT AND MOTION TO SUBSTITUTE PARTY
This case comes to the court on a motion by the defendant Peter Johl to vacate the prior judgment (No. 199) and the motion of the plaintiff to substitute James Woods, the new owner, for the plaintiff Cohns (No. 209).
This case has a long history which began with a partition action initiated on August 31, 1988 by the plaintiff against various defendants relating to jointly owned real property in the City of Norwich, County of New London, State of Connecticut, described in the complaint.
For purposes of the present motions, it is sufficient to indicate that the court entered a judgment ordering partition by sale on May 14, 1990. The plaintiff Cohn sold his interest in the property to James Woods on July 9, 1990.
Thereafter, the defendant Peter Johl, who appears pro se in this action, on September 7, 1990, filed a motion to vacate the court's previous judgment for partition by sale. The defendant's motion essentially argues that the plaintiff, having sold his interest in the subject property, no longer has a sufficient legal right to have the court's previous order executed.
Thereafter, on March 5, 1991, the plaintiff filed a motion to substitute the purchaser of the property as the plaintiff. In that motion the plaintiff argues that because he sold his interest in the subject property, the buyer should be able to step into the plaintiff's place and enforce the CT Page 3127 court's order of partition in sale.
"In partition proceedings the substitution of the names of the real parties in interest is permissible." 68 C.J.S. Partition section 76; see Henkel v. Henkel,276 N.W. 522, 527 (Mich. 1937). "As a general rule a cotenant who has executed a conveyance of all his right or title to the property held in cotenancy is not a necessary party; but his grantee, by becoming cotenant, is both a proper and a necessary party." 68 C.J.S. Partition section 75c(1) (emphasis added); see Leddon v. Strickland, 118 So. 651, 652 (Ala. 1928); In re Becker's Estate, 43 A.2d 4 (Pa. 1945).
Based upon that authority the buyer of the subject property in this case may be substituted as the proper party plaintiff. See Connecticut Practice Book section 101 (rev'd to 1978, as updated to October 1, 1990); United States Trust Co. of New York v. DiGhello, 179 Conn. 246, 247 (1978); Lettieri v. American Savings Bank, 182 Conn. 1, 13-14 (1980).
Since the buyer of plaintiff's interest is properly substituted for original plaintiff, then defendant's motion to vacate the court's order must be and is hereby denied as the proper party in interest may enforce the court's order. See Narowski v. Kichar, 181 Conn. 251, 253 (1980); Vail v. Hammond, 60 Conn. 374, 379 (1891).
LEUBA, J.