CLEMENS KIEL *vs.* PETER R. CARLL AND OTHERS.

A mechanic's lien was filed stating the amount due to be $3,500. In a suit for a foreclosure of the lien it was found by the court that the balance due was $733. It appeared however that the sum found due was a balance of a large account, amounting on the plaintiff's side to over $5,500, and it was found that neither party had kept accurate accounts and that the plaintiff filed his lien under a mistake as to the amount due him, and that there was no evidence that a fraud was intended or that the defendants were injured. Held not to vitiate the lien.

It is not necessary in a suit for the foreclosure of a mechanic's lien, to allege in the complaint that the indebtedness arose under a particular contract. It is enough to state the indebtedness, whether it arose under one contract or several.

And where it is alleged that it arose under a contract of a certain date, the plaintiff may prove one of any other date.

[Argued December 12th, 1883—decided January 18th, 1884.]

SUIT for the foreclosure of a mechanic's lien upon a building ; brought to the Superior Court. Facts found by

a committee and judgment for the plaintiff. (*Beardsley, J.*) Appeal by the defendants. The case is sufficiently stated in the opinion.

*T. H. Russell* and *E. P. Arvine*, for the plaintiff.

*J. T. Platt*, for the defendants.

CARPENTER, J. This is a suit to foreclose a mechanic's lien. Judgment was rendered for the plaintiff, and the defendant appealed.

The first error assigned is, that there was a discrepancy between the amount alleged to be due in the certificate of lien, and the amount found due by the court. The certificate stated the amount due as $3,500; the amount found due by the court was $733.41.

The statute requires that the amount due shall be stated in the certificate as nearly as the same can be ascertained. But this court has repeatedly held that an honest mistake, either of law or of fact, by reason of which the amount due is overstated, in the absence of fraud, or of an intention to deceive, and where no one has in fact been deceived or misled to his injury, will not vitiate the lien. *Bank of Charleston* v. *Curtis*, 18 Conn., 349; *Hopkins* v. *Forrester*, 39 id., 351; *Marston* v. *Kenyon*, 44 id., 349.

It appears by the report that the sum found due in this case is a balance of a large account, amounting on the plaintiff's side to over $5,500, and it is expressly found that neither party " kept accurate accounts, and the plaintiff was evidently mistaken in the amount due him. No evidence was offered to show that there was any fraud intended in filing the lien, or that the defendants were prejudiced thereby." Under this finding we are warranted in holding that the discrepancy did not vitiate the lien.

The second error alleged is, that the court erred in allowing credits to the defendants to the amount only of $4,812, when the plaintiff admitted in his complaint that he had received $9,276.75. The amount stated in the complaint

was manifestly a mistake, and was amended in the court below so as to conform to the account as stated by the court. This point is not pressed.

The plaintiff alleged in his complaint that the services were rendered and materials furnished for and in the construction of the building in question, under an agreement made with the owner on the 20th day of July, 1879. But the court found that after the plaintiff had rendered services and furnished materials for some time under that agreement the parties abandoned it and made another of a different character, which they agreed should relate back to and take effect as of the time of the commencement of work by the plaintiff. The court therefore found nothing due under the first contract, but found that the work was performed and materials furnished under the second agreement. In this state of the case the defendants claimed that the plaintiff could not recover. The court ruled otherwise, and this is assigned as the third error.

This objection is in the nature of an objection to a recovery on the ground of a variance. If the contract was material, and it was necessary to prove that the indebtedness arose under the contract substantially as alleged, perhaps the question should have been raised by an objection to evidence. If so, that is a sufficient answer to the question as it is now presented. But we are of the opinion that it is not material. The statute is as follows:—" Every building, in the construction or repairs of which, or of any of its appurtenances, any person shall have a claim for materials furnished or services rendered, exceeding twenty-five dollars in amount, shall, with the land on which the same may stand, be subject to the payment of such claim, &c." Any contract, express or implied, is sufficient. The form and terms of the contract are immaterial. If a claim exists for services or materials it is of no consequence whether it exists under one contract or many. Hence it was not necessary to allege any contract; it was enough simply to allege that the plaintiff had a claim, and then he might prove the claim whether it arose from one or many contracts. And

having alleged a contract at a given time he is not limited to a contract made on that day, but may prove one made on any other day; for time is not of the essence of the contract.

It will be noticed that there can be no variance as to the terms or substance of the contract, for they are not given. The supposed variance relates wholly to the time when the contract was made. And that was not material.

The object of the suit is not to enforce a contract, nor to recover damages for a breach; but to foreclose a lien given by statute, and which does not depend upon the terms of the contract.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.