SCHOOL DIRECTORS

V.

JAMES M. NEWMAN.

*Schools—Teacher—Recovery of Wages—Incompetency—Illegal Contract.*

1. A verdict for —— dollars is a nullity upon which a judgment can not be entered even for " —— dollars." A judgment in favor of a

given person must represent the ultimate fixed and precise determination of the judicial proceeding in which it is entered.

2.   In an action brought by a teacher to recover a balance claimed to be due him on account of salary, a wrongful discharge being alleged by him, this court holds, in view of the evidence, that at the time of the acceptance of the employment in question, the plaintiff had no certificate of qualification to teach for the term of the contract of service; that said contract was illegal, and that the judgment in his favor must be reversed.

[Opinion filed March 11, 1893.]

APPEAL from the Circuit Court of Washington County; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. WATTS & WATTS and CHARLES T. MOORE, for appellants.

Messrs. BARTHEL & FARMER, for appellee.

MR. JUSTICE SAMPLE.   The appellee was employed to teach the school of appellant for a period of six months at $50 per month.   After having taught the school a short time— more than three months—he was discharged for incompetency.   The salary was paid to him monthly, and he had received $150.   Claiming that he was wrongfully discharged, he held himself in readiness to teach the full term, and not being allowed to do so, at its expiration, brought a suit before a justice of the peace to recover $150, the balance claimed to be then due.   Before the trial, the directors brought into court and tendered $26.19 and accrued costs, which appellee declined to receive, and the cause was submitted to a jury, which returned a verdict in favor of appellee for ———— dollars, upon which the justice entered judgment for ————dollars.

Thereafter this suit was brought in the Circuit Court as an original action, and the foregoing facts as to the proceedings before the justice were set up in a special plea as a bar, to which the court sustained a demurrer, which is assigned for error.   The demurrer to the plea was properly sustained.

The verdict for ———— dollars was a nullity upon which a judgment could not be entered even for ———— dollars. A judgment must represent the ultimate fixed and precise determination of the judicial proceeding in which it is entered. The suit was for the recovery of money. Neither the verdict nor judgment represented the conclusion of the law upon that issue. The other question involved in this appeal relates to the validity of the contract of employment of appellee.

The school district records show that he was employed on the 26th day of June, 1890, and by letter was notified on the same day of such employment, to which appellee replied by letter of date June 30th, to the directors, "Yes, I guess I will take the school." It appears from the evidence that appellee desired $55 per month, but when notified by the letter of his employment and the salary, he was requested to answer soon, as if he did not accept a Mr. Cook would get the school. The directors relied upon the letter above as an acceptance, and did not take any other steps to employ a teacher. Appellee, in his letter to the directors, stated that he desired to commence the school by the first of September, or not later than the middle of that month. The directors desired it to open about the 15th of September, but afterward, at the request of appellee, postponed the opening until October 1st. This request was made and the time fixed definitely about the 1st of September, as appellee claims, at which time, he also claims, was the first time that he had accepted the employment. He did not have a certificate to teach until August 30, 1890, for the entire term of his contract. Appellants claim that the contract of employment was illegal under the statute, which requires that at such time he shall have a certificate of qualification entitling him to teach during the entire term of his contract (Par. 53, Chap. 122, Starr & C. Ill. Stats.); while appellee claims that he did not accept the employment and the contract was not complete until the time when it was definitely determined when the school was to begin.

We think it is clear that appellee accepted the employ-

ment on the 30th day of June, by his letter above referred to, and that the postponement of the opening of the school from the 15th of September, the date he fixed in his letter, and the date that had been agreed upon by the directors, was at his request. He did not make the date of opening the school a condition of acceptance in his letter of June 30th. He merely expressed a preference as to the time, which agreed with the views of the directors, which was afterward changed for his benefit.

Appellee not having a certificate of qualification to teach at that time, as required by law, the contract of employment was illegal, and therefore can not be made the basis for recovery in this action.

The judgment is reversed without remanding.