## Kankakee Stone & Lime Co. v. Alice Cogan.

1. PRACTICE—*Irregular Verdicts.*—The power of a court to correct a verdict and reduce it to proper form, must be exercised in the presence of the jury, or by sending the jury to its room, with directions to put their verdict in proper form.

2. VERDICTS—*Informality of.*—A verdict in the words following, viz: " We, the jury, find the defendant guilty, and *asset* the plaintiff's damages at two hundred and seventy," is so defective in substance that no money judgment can be entered upon it.

3. INSTRUCTIONS—*To Be Given as a Series.*—Instructions should be given as one series, without distinguishing marks to indicate to the jury which side requested them.

Trespass, to real estate. Appeal from the Circuit Court of Kankakee County; the Hon. C. R. STARR, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed December 17, 1897.

THOMAS P. BONFIELD and STEPHEN R. MOORE, attorneys for appellant, contended that on this verdict the court can not give a judgment. The word "asset" has no meaning in this connection. To "asset" the plaintiff's damages at two hundred and seventy is equally meaningless. The court has no power to say that asset means assess, and that damages placed at two hundred and seventy, means two hundred and seventy dollars. 2d Tidd's Practice, 922; 2d Bouvier's Law Dic. title, *Venire Facias de Novo;* Bodine v. Swisher, 66 Ill. 536; Austin v. People, 11 Ill. 452; Hinckley v. West, 4 Gilm. 136; Frazier v. Laughlin, 1 Gilm. 347; Hirth v. Lynch, 96 Ill. 409; Long v. Linn, 71 Ill. 152; Broeck v. Wabash, St. L. & P. R. R. Co., 13 Ill. App. 556.

H. L. RICHARDSON, attorney for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant in an action of trespass for injuries to her real estate caused by blasting in appellant's quarry near by. Issues were formed and submitted to a jury, which returned the following verdict: "We, the jury, find the defendant guilty, and asset the plaintiff's damages at two hundred and seventy." The court overruled a motion for a new trial, and entered judgment against defendant for $270, from which it prosecutes this appeal.

We know of no rule of law which authorized the court, after the jury had been discharged, to assume it meant to assess plaintiff's damages at $270. The verdict should not have been received till it had been corrected by the jury so as to express what that body intended. This case differs from Mexican Amole Soap Company v. Clarke, in which we file an opinion this day. There the written verdict omitted the word "dollars," but it was read to the jury in open court with that word supplied. And this oral verdict so announced was the true verdict of the jury. Griffin v. Larned, 111 Ill. 432. Nothing of that kind is disclosed by the present record. The bill of exceptions only states a verdict was rendered for plaintiff and against defendant; and

the record of the court gives the verdict only in the form above stated. The power of a court to correct a verdict and reduce it to proper form must be exercised in the presence of the jury, or by sending the jury to its room with directions. Illinois Cent. R. R. Co. v. Wheeler, 149 Ill. 525. The statute of jeofails will help out a verdict good in substance, as in Hartford Fire Ins. Co. v. Vanduzor, 49 Ill. 489, and Wiggins v. City of Chicago, 68 Ill. 372, but the present verdict does not state the amount the jury awarded as damages, and is therefore so defective in substance that no money judgment can be rendered thereon. Avery v. Babcock, 35 Ill. 175; School Directors v. Newman, 47 Ill. App. 364. Therefore the judgment must be reversed and the cause remanded for another trial.

The practice here adopted of stating in nearly every instruction given at the request of plaintiff that it is " for the plaintiff," has often been condemned. The instructions should be given as one series, without distinguishing marks to indicate to the jury which side requested them. Reversed and remanded.