NATIONAL CIRCLE, DAUGHTERS OF ISABELLA, *vs.*
KATHERINE HINES ET AL.

Third Judicial District, Bridgeport, October Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The plaintiff was incorporated as a fraternal benefit society, under a special charter granted by the General Assembly in 1907, with power to establish local or subordinate circles, and to prescribe and enforce laws for their regulation and government. Pursuant to this authority, Loyal Circle No. 7 was established in New Haven and by its constitution, prescribed by the plaintiff, was required to establish and maintain, as it did for several years, two funds:

National Circle *v.* Hines.

one for the payment of death and funeral benefits and the other for sick benefits and the general expenses of the local circle.  *Held:*—

1. That the moneys thus collected, although belonging to the local circle, at once became trust funds which a court of equity would protect against diversion to uses and purposes other than those specified in the charter of the plaintiff and in the constitutions and laws of the two bodies.

2. That neither Loyal Circle No. 7, nor a majority of its members, could divert these funds from the purposes of the trust to another organization, and that the members of the local circle who withdrew therefrom lost their interest in and rights over these funds.

3. That upon an attempt by a small minority of the members of Loyal Circle No. 7 to sever its membership in the parent body and transfer the moneys to another organization, the parent society might properly invoke the aid of a court of equity to safeguard these funds against loss or diversion, not only because of its interest and duty, under the express provisions of its charter, to protect the members of the local circle in their rights to the funds, but also because such action was essential to the preservation of its own existence.

4. That the right of the plaintiff to maintain the present suit might also be supported, were it necessary, upon the narrower ground that the plaintiff was a creditor of the local circle which was in arrears to it for dues.

Having set forth in its complaint the substance of several provisions of its special charter and of the action of the parties thereunder, the plaintiff alleged that it was its duty to protect the rights of the members of its local circles in and to the funds which the defendants were about to dissipate or divert to other uses.  *Held* that this was not a bare unsupported allegation of a legal duty as contended by the defendants.

Courts of this State take judicial notice of its general and special laws.

A defendant who inspects and approves the form of judgment thereby waives his right to complain that it does not conform to the claims for relief.

Argued November 5th—decided December 2d, 1914.

Suit to restrain the defendants as treasurer and financial secretary of Loyal Circle No. 7, a subordinate branch or division of the plaintiff organization, from paying out or issuing in any way moneys alleged to belong to said Circle No. 7, and also for an accounting of all moneys in their hands as such officers, brought to and tried by the Superior Court in New Haven County

upon demurrer to the complaint; the court, *Holcomb, J.*, overruled the demurrer, and, upon the refusal of the defendants to plead further, judgment was afterward rendered (*Reed, J.*) for the plaintiff, from which the defendants appealed. *No error.*

*Walter J. Walsh*, for the appellants (defendants).

*Charles F. Roberts*, for the appellee (plaintiff).

WHEELER, J. The plaintiff was incorporated by special charter of the General Assembly (15 Special Laws, 1907, p. 402), among other purposes, to render pecuniary aid to its sick and distressed members and their beneficiaries and to defray the funeral expenses of its members. It had power to establish local circles and grant them charters, and to govern and manage them by laws of its making and to enforce the same. It established, under this authority, Loyal Circle No. 7, which has affiliated with the plaintiff and been subject to its charter, constitution and by-laws from its organization to October 13th, 1913.

Under the constitution prescribed by the plaintiff for subordinate circles, it was the duty of Loyal Circle No. 7 to establish and maintain a general fund, from which all claims for sick benefits and for the general expenses of the Circle were required to be paid, and a mortuary fund, from which all claims for death or funeral benefits were required to be paid. And it was the duty of the plaintiff, under its charter and constitution, to protect the rights of members of Loyal Circle No. 7 in and to these funds and to the death claims and beneficiary liabilities now or hereafter maturing in favor of any such member.

Loyal Circle No. 7 is in arrears to the plaintiff for debts and dues, to which it is entitled under its con-

stitution and laws. The Circle had accumulated on October 13th, 1913, a substantial sum in its mortuary fund and its general fund, which was deposited either in the name of the Circle or its treasurer, defendant Hines. On this date a small minority of the members of the Circle, without notice to the members specifying the objects of the meeting, and without the knowledge of a large number of the members, held a special meeting of the Circle and voted to withdraw as a subordinate circle of the plaintiff. The defendant treasurer, acting under this vote, withdrew these deposits and deposited the same either in the name of an organization not established under the plaintiff, and called "The Loyal Ladies," or in her name as treasurer thereof. These funds are now or may be immediately needed to meet the death claims or beneficiary liabilities of Loyal Circle No. 7, now or hereafter maturing, and if these funds are thus diverted, the plaintiff will be unable to fulfil the duty it owes to the members of Loyal Circle No. 7, and prevented from collecting the debts owed it by this Circle.

The funds accumulated by Loyal Circle No. 7, which was a subordinate body of the plaintiff, a fraternal incorporated organization, belong to the subordinate body. As soon as paid in by the members, these funds became impressed with a trust, the terms of which are found in the charter of the plaintiff and in the constitutions and laws of the plaintiff and of the subordinate body. *Grand Lodge of Conn.* v. *Grand Lodge of Mass.*, 81 Conn. 189, 208, 70 Atl. 617; note to *Grand Court* v. *Hodel*, 47 L. R. A. (N. S.) 927, 931 (74 Wash. St. 314, 133 Pac. 438). Equity will enforce this trust and prevent the diversion of these trust funds to purposes other than those specified by the charter and laws of the plaintiff. *Grand Lodge of Conn.* v. *Grand Lodge of Mass.*, 81 Conn. 189, 206, 70 Atl. 617; *Penfield*

v. *Skinner*, 11 Vt. 296, 298; 2 High on Injunctions (4th Ed.) § 1192, p. 1193.

Neither Loyal Circle No. 7, nor its members, whether a majority or a minority, could divert these funds from the purposes of the trust to another organization. *Koerner Lodge* v. *Grand Lodge*, 146 Ind. 639, 655, 45 N. E. 1103; *McFadden* v. *Murphy*, 149 Mass. 341, 342, 21 N. E. 868. The members of Loyal Circle No. 7 who withdrew, lost their interest in and rights over these funds. Their ownership vested with Loyal Circle, and none but Loyal Circle members had any interest in or rights over these funds. *Grand Lodge of Conn.* v. *Grand Lodge of Mass.*, 81 Conn. 189, 208, 70 Atl. 617; *Fawcett* v. *Iron Hall*, 64 Conn. 170, 29 Atl. 614; *Freundschaft Lodge* v. *Alchenburger*, 235 Ill. 438, 85 N. E. 653. Thus the vote of withdrawal did not give the defendant treasurer authority to divert these trust funds from the purposes of the trust. These funds, whether in her custody or that of the Loyal Ladies, remain impressed with the trust which immediately attached upon the creation of the funds. Their ownership then vested and still vests in Loyal Circle No. 7. The defendant treasurer could not rely upon the vote of the meeting, had it been duly called; much less had she the right to rely upon this meeting whose acts were illegal, since no adequate notice of it was given the members, and large numbers of them neither had knowledge of the vote taken nor assented to it.

The defendants do not contest these settled principles of the law, but rely upon the claim that the plaintiff cannot maintain this action, since upon the facts of record it has no right, title, or interest in and to the funds diverted.

Ordinarily the proper party to enforce the trust in these wrongly diverted funds would be Loyal Circle No. 7, yet we do not think Loyal Circle is the only

party which may, by legal action, protect and preserve these funds. The situation is unusual. A minority of Loyal Circle has illegally voted to withdraw from the plaintiff. The keeper of its funds has recognized the withdrawal as legal, and, acting in accordance with this vote, has transferred the trust funds in her keeping to another organization. It is obvious that until Loyal Circle has been reorganized, and a legal vote had authorizing a legal action to protect and secure these funds, the Circle will not and cannot act. Meantime the trust funds may have been dissipated, and when Loyal Circle No. 7 is in a position to protect its trust funds, they may have vanished. The powers of equity are broad enough to protect trust funds and enforce the trust under any and all circumstances. It will not suffer a wrongdoer to waste trust funds. For the protection of the trust funds of Loyal Circle the known remedies of the law are ample. If this were not so, equity would find the way. Trust funds are its especial care.

The facts of record show that the plaintiff, under its charter and laws, is in duty bound to protect the members of Loyal Circle in their rights to these funds. The defendants assert that this is a mere allegation of duty. We do not so regard it. It is a summarization of a part of the provisions of the plaintiff's charter, under the Special Act, of which we take judicial notice. *General Hospital Soc.* v. *New Haven Rendering Co.*, 79 Conn. 581, 585, 65 Atl. 1065. The plaintiff owed to the members of Loyal Circle, by the express provision of its charter, the duty of protecting in the courts of this State the trust funds of the Circle against their diversion to uses and purposes other than those of its charter and law. This specific duty made imperative its appeal to equity to help it preserve and place these trust funds in the keeping of their owner. If its charter

did not expressly confer this power upon the plaintiff, we should find authority for its course in the fact that Loyal Circle owed its origin to the plaintiff and existed under its laws and government, and secured and maintained these funds for purposes prescribed by the plaintiff. From powers such as these the duty was cast upon the plaintiff, for its own interest and that of its subordinate body and its members, to see that the law of its origin and the laws of its order were carried out. If this were done the trust funds of Loyal Circle would be available for the execution of the trust. If it were not done the laws of the order would be violated, the purposes of its trust funds defeated, and the existence of the plaintiff imperilled. For its existence is involved in the destruction of its subordinate body and in the diversion of the trust funds from the purposes of its trust to the uses of a rival organization. Loyal Circle is temporarily unable to protect the interests of its members in these funds by preventing their diversion and securing an accounting. The need is urgent. Who is there, under these conditions, who can act for the subordinate body and for all of its members, unless it be the parent organization without whose sanction there would have been no subordinate body and no trust funds to be diverted?

The action may be sustained on narrower grounds. The plaintiff is a creditor of Loyal Circle. As such it might in the same action have sought to secure its debt and asked equitable relief by way of an injunction and an accounting. *Lewisohn* v. *Stoddard,* 78 Conn. 575, 601, 63 Atl. 621; *Bronson* v. *Thompson,* 77 Conn. 214, 58 Atl. 692; *Vail* v. *Hammond,* 60 Conn. 374, 383, 22 Atl. 954. Had the plaintiff joined to its prayers for relief one for a money judgment, these authorities and others in our jurisdiction would sustain the action. As a general rule, the prayer for a money judgment sup-

ports the equitable relief. But situations may occur where a creditor does not desire to force his debtor to an immediate payment, but does desire to prevent the diversion of the funds of the debtor. When the debtor is a charity, or a subordinate body of a parent fraternal organization, there would seem to be the best of reasons for approving the course of a creditor in securing an accounting and the preservation of the trust funds of the debtor for the purposes of the trust, and withholding its right to press for immediate payment of its debt. We think the plaintiff was entitled to this action as a creditor of Loyal Circle.

The defendants claim the judgment is defective in that it does not follow the claims for relief, and in that the facts of record do not show that the defendant Fitzgerald is concerned in the diversion of these funds. The form of judgment was submitted to the counsel for the defendants and approved of by them. If it be broader than the issues or the record warrants, the defendants have waived by their approval of it the right to complain of this.

There is no error.

In this opinion the other judges concurred.