HENRY ZINMAN ET AL. vs. MAX MAISLEN.

First Judicial District, Hartford, May Term, 1915.

THAYER, RORABACK, WHEELER, BEACH and BURPEE, Js.

The seasonable filing of a notice of appeal and of a request for a finding of facts, operates as a stay of further proceedings under a judgment of foreclosure; and therefore, pending such appeal, the parties respondent are not obliged to redeem on or before the expiration of the law-day fixed by the judgment, nor can the plaintiff, under such circumstances, acquire title absolute under a certificate of foreclosure.

A memorandum of decision, in a foreclosure suit, which merely states the amount that is due the plaintiff, but fixes no law-day, and directs that the judgment of foreclosure may be prepared by the plaintiff, is not in itself a judgment, but only an interlocutory finding which may serve as a basis for the judgment when that is afterward rendered.

In the present case the defendant claimed title to the premises in question upon the theory that the memorandum of decision filed in August, rather than the fuller and more formal adjudication of September, constituted the judgment in the case. Held that it was unnecessary to determine now whether the action taken in September was a valid judgment or not; if it was, the appeal stayed proceedings under it and prevented the defendant from acquiring any title through his certificate of foreclosure; if it was not, then there had been no valid judgment in the foreclosure suit at all, and the defendant's certificate of title was void for that reason.

Argued May 5th—decided June 10th, 1915.

SUIT for an injunction to restrain the defendant from selling certain real estate to which he claimed title by virtue of the foreclosure of a mechanic's lien, and for other equitable relief, brought to and tried by the Superior Court in Hartford County, *Gager, J.;* facts found and judgment rendered for the plaintiffs, declaring that the certificate of title by the alleged foreclosure was void, from which the defendant appealed. *No error.*

*John J. Dwyer* and *Jacob Schwolsky,* for the appellant (defendant).

*Josiah H. Peck* and *Solomon R. Herrup,* for the appellees (plaintiffs).

THAYER, J.   The defendant claims title to certain land on Queen and Flower streets in the city of Hartford, by virtue of a conveyance of the same from one Rabinovitz to him.   Rabinovitz claimed title by virtue of a foreclosure, in the City Court of Hartford, of a mechanic's lien on the property, it being claimed that his title, by virtue of such foreclosure, became absolute on the 29th day of September, 1914, and that a certificate of foreclosure was duly filed in the town clerk's office on the following day.   The plaintiffs claimed and alleged in their complaint that the judgment of foreclosure mentioned was rendered on the 16th day of September, 1914, that the law-day for redemption was fixed for the 29th of September, and that notice of an appeal from said judgment was duly given by them on the 18th day of September, and a request for a finding filed on the 29th day of September, thus effecting a stay upon further proceedings under the judgment, and that the certificate of foreclosure was void.

By the agreed statement of facts upon which the case was tried and by the finding of the court, the record of the City Court shows that the judgment of foreclosure was rendered, as thus claimed, on the 16th of September, and that the notice of appeal and request for a finding were duly filed by the plaintiffs before the expiration of the time limited for redemption.   This being so, further proceedings under the judgment were stayed, the plaintiffs were not compelled to redeem upon the law-day limited by the judgment, and the certificate of foreclosure which was filed by Rabinovitz had

no validity. It is difficult to see how this record could have been collaterally attacked had the trial proceeded in the ordinary way. But the case was tried, as already stated, upon an agreed statement of facts, wherein it appears that the judge of the City Court, on August 5th, 1914, filed a "memorandum of decision" reading: "The issues are found for the plaintiff, except, however, the issue that the defendants, on completion of the written contract, were to pay the plaintiff $640 in cash. As to that obligation the parties expressly stipulated that the defendants should give, and the court finds that they did give, the plaintiff their 4 mons. note for that amount 'as payment for the labor and material' covered by the written contract. Such a note, given under such a stipulation, discharged that obligation. Even if the note were not 'a payment' of the obligation, the acceptance thereof constitutes an extension of credit, at the option of the defendants, far beyond that time within which the plaintiff would have to foreclose his lien and consequently a waiver of such lien to the amount of the note. The undersigned finds that there is due the plaintiff under the allegations of paragraph 3 the sum of $621.16. Judgment of foreclosure may be prepared by plaintiff." This was filed with the clerk, who thereupon entered upon the back of the file, "Judgment for plaintiff August 5th, 1914." It also appears that when the judgment-file of September 16th, which was prepared by the plaintiffs' counsel, was signed by the judge, it bore date August 5th, and that this was afterward changed by the clerk, by order of the judge, to September 16th, the date on which it was signed. Upon these facts the defendant claims that the judgment of foreclosure was in fact rendered on the 5th day of August and not upon the 16th day of September, as shown by the judgment-file, and that the notice of appeal on September 18th was too late and did not

operate to stay the judgment. As the notice of appeal must be given within one week after judgment, the notice given was too late if the judgment of foreclosure was rendered on August 5th. But the memorandum fixes no law-day, and adjudges nothing in favor of the plaintiff in the foreclosure suit. It appears that the parties were at issue as to the amount of the claim secured by the mechanic's lien. The court finds this issue in part for the plaintiff and disallows part of his claim, but the memorandum adjudges nothing. It is merely an interlocutory finding of the amount upon which a judgment might be based in an action at law, and upon which the determination of the law-day and a judgment of foreclosure might be based. But no law-day is fixed and no judgment is rendered. The direction that a judgment of foreclosure may be prepared is not tantamount to a judgment, for it does not fix the day for redemption, and does not indicate that the court in its own mind had determined that question. We think, therefore, that the court properly ruled that, upon the statement of facts submitted, it does not appear that a judgment of foreclosure was rendered on August 5th. Whether the judgment was properly rendered in September it is not important for us to now inquire. It appears that an appeal from that judgment is now pending in this court. As already observed, if a judgment was then rendered, the appeal stayed the judgment and the certificate of foreclosure was void, as held by the Superior Court. If that pretended judgment was void, there has been no foreclosure and the certificate was void. In either case the judgment of the Superior Court was correct.

There is no error.

In this opinion the other judges concurred.