## RECONSTRUCTION FINANCE CORPORATION *v.* BOROUGH OF NAUGATUCK

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 8—decided August 16, 1949

*Pomeroy Day,* with whom was *Charles J. Cole,* for the plaintiff.

*Joseph E. Talbot,* for the defendant.

ELLS, J. The questions propounded in this reservation arise from the following stipulated facts: The

plaintiff, hereinafter referred to as RFC, is a corporation created by an act of Congress (47 Stat. 5; 15 U. S. C. § 601) as an instrumentality of the government of the United States with such powers only as are given it by Congress. All of its stock is owned by the United States and it has no entity separate and apart from that of the government of the United States. On October 1, 1946, and October 1, 1947, it was the record owner of real estate and the machinery attached thereto located in the borough of Naugatuck. The machinery, being attached to the real estate, would, if owned by a private person, have been subject to taxation in Connecticut to the same extent as real property, pursuant to General Statutes, Cum. Sup. 1935, § 364c (Rev. 1949, § 1738). On October 1, 1946, it was liable to taxation by the borough as real estate; 47 Stat. 9, § 10; 15 U. S. C. § 610; a tax was assessed against it and paid; and the validity of that assessment is not questioned. On October 1, 1947, however, by virtue of an amendment to the Reconstruction Finance Corporation Act (61 Stat. 205, § 8; 15 U. S. C. § 607 [Sup. 1]), the machinery was exempt from state and municipal taxation, the amendment having become effective June 30, 1947. October 1 was the date in 1947 as of which lists of taxable property in the borough were required by law to be brought in to the assessors by the owners. Prior to November 1, 1947, according to law, the plaintiff duly filed with the assessors a list of the taxable property in the borough owned by it on October 1, 1947, but did not include any of the machinery in question. By an act approved May 25, 1948, Congress further amended the Reconstruction Finance Corporation Act and by § 5 eliminated the exemption of machinery owned by RFC from state and municipal taxation where such machinery might lawfully be taxed as real estate. Section

5 was stated to be effective as of midnight, June 30, 1947. Pub. L. No. 548, 80th Cong., 2d Sess., § 5.

On June 14, 1948, the board of assessors of the borough issued a certificate of error by which the machinery was stated to be added to the October 1, 1947, tax list of the plaintiff, a value of $1,654,550 was assessed, and a tax of $40,536.48 was laid. The certificate of error was addressed to the collector of taxes of the town of Naugatuck and stated that by authority of General Statutes, Rev. 1930, § 1161 (Rev. 1949, § 1735) "the assessors of said town hereby correct a clerical omission or mistake in the assessment list of Reconstruction Finance Corp. . . . list of 1947 as follows, and for the reason herein stated: Add P. $1,654,-550 @ 245—$40,536.48. Machinery to be added to list because of Act of Congress." The tax has not been paid. No other action has been taken by the borough or the board of tax review thereof. If the tax was legally levied the amount is not in dispute.

The questions upon which our advice is sought are these: (1) Did the amendment made by Public Law No. 548 empower the borough to lay a tax on the list of October 1, 1947, against the machinery owned by RFC located in the borough on October 1, 1947? (2) Did the assessors have power on June 14, 1948, to add the machinery to RFC's tax list as of October 1, 1947, by taking the action which they took? (3) Was the action discriminatory and illegal as against RFC, in violation of the federal constitution?

The answer we give to the second question determines the rights of the parties. The board of assessors did not have power on June 14, 1948, to add the machinery to the tax list of RFC as of October 1, 1947, by virtue of the certificate of error issued by it. Section 1161 as amended (Rev. 1949, § 1735) provides that "Any clerical omission or mistake in the assess-

ment of taxes may be at any time corrected according to the fact by the assessors or board of tax review, and the tax shall be levied and collected according to such corrected assessment." The power of the assessors to make an alteration in or addition to the 1947 tax list of RFC other than such a correction expired on January 31, 1948, and that of the board of tax review on the last business day of February, 1948. General Statutes, Rev. 1930, §§ 1141, 1193 (Rev. 1949, §§ 1734, 1793); *Bridgeport Brass Co.* v. *Drew,* 102 Conn. 206, 210, 128 A. 413. Subsequent to January 31, 1948, the assessors could correct only clerical omissions or mistakes, under the authority of § 1161. It is clear, in view of the provisions of § 1141 requiring assessors to complete their duties on or before January 31 of each year, that the adjective "clerical" qualifies "mistake" as well as "omission." *Bridgeport Brass Co.* v. *Drew,* supra.

The defendant claims that the change made by the assessors was but the correction of a clerical error or omission. It was much more than that, for it concerned the very substance and extent of the assessment. In discussing the phrase "clerical or other error in the assessment or returns," the New York Court of Appeals has said: " 'Clerical' errors are mentioned to distinguish them from, and exclude errors of substance, of judgment, or of law." *Matter of Hermance,* 71 N. Y. 481, 486; *People ex rel. Chamberlain* v. *Forrest,* 96 N. Y. 544, 549; *Kuhlemeier* v. *County of Los Angeles,* 2 Cal. 2d 257, 261, 40 P. 2d 828.

The borough has made no claim that the General Assembly has attempted to validate the action of the assessors, and therefore we do not consider the question.

Our answer to the second question is "No." The other questions require no answer.

No costs will be taxed in this court to either party. In this opinion the other judges concurred.