## NICOLA MORICI *v.* JOHN H. JARVIE ET AL.

BROWN, C. J., JENNINGS, BALDWIN and INGLIS, JS.[1]

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued May 3—decided July 11, 1950

*T. Holmes Bracken,* for the appellants (defendants Jarvie).

*Alfonse C. Fasano,* for the appellee (plaintiff).

*John M. Chapnick,* for the appellee (defendant De-Simone), with whom, on the brief, was *John Prete,* for the appellee (defendant Prete).

INGLIS, J.   This is an appeal by the defendants John H. Jarvie and Mary Jarvie, hereinafter referred to as the defendants, from two judgments which together adjudged a foreclosure of a mechanic's lien of the plaintiff upon their property.   The facts were found by a

state referee. There was a remonstrance to his report which was overruled. No evidence was printed and the overruling of the remonstrance was not asssigned as error. The only errors assigned relate to the entry of the judgments upon the referee's report.

The essential facts found by the referee are as follows: On April 26, 1946, the defendants entered into a written contract with the plaintiff whereby it was agreed that the latter would provide the material and labor for the construction of a house, with the exception of plumbing and heating, for the defendants, in accordance with certain plans and specifications, for the sum of $7800, payable $1000 when the foundation was completed, $2250 when the roof was covered, $2250 when finish plaster was on and the balance thirty days after the completion of the work. Thereafter the plaintiff sublet the mason work to the defendant Prete for the price of $3000 and some of the carpentry work to the defendant DeSimone for the sum of $700.

The work on the house progressed, and the first two instalments of the contract price were paid by the defendants on time. During the latter part of August the plaintiff demanded the third instalment. The interior finish plaster was then all on except in portions of two rooms as to which the defendants had asked delay. The plans, however, required so-called oriental plaster to be applied to the cinder blocks on the exterior. A dispute arose, the defendants claiming that the third instalment of the contract price would not be due until the exterior plaster was put on. They refused to pay the instalment until that was done. The plaintiff took the position, and correctly, that in the regular course of construction the application of the exterior plaster was one of the last operations in the construction of such a house and that, when the contract called for a payment when the finish plaster was

on, it meant when the interior finish plaster was on. The defendants made no offer to pay the third instalment on any condition. They finally, on September 17, notified the plaintiff by letter that in order to receive any payment he must complete the job by October 8. The provision that the third instalment should be paid when the finish plaster was on was a material term of the contract, and the plaintiff abandoned the work.

There was substantial performance of the contract by the plaintiff up to the time the defendants refused to make the third payment. He had, however, failed to comply with it in a few minor matters. To make good these deficiencies would cost $440. The omissions were not the result of any wilful disregard of the contract but of difficulty in obtaining materials or oversight. In addition, the plaintiff had failed to install "waylite" in the exterior walls of the building. That omission was due to the failure of the mason contractor to understand the requirements of the contract and not to any wilful breach. Waylite is an insulating material which was to be put into the cavities in the cinder blocks. The blocks themselves have a high coefficient of insulation and the value of waylite, therefore, is speculative.

The value of the work and labor provided by the plaintiff to the time he stopped work, if they had been in strict accordance with the contract, would have been $6200. Deducting from that the cost of making good the deficiencies, i. e., $440, and the amounts of the first and second instalments, i. e., $3250, leaves a balance of $2510. The plaintiff failed to prove that he would have made a profit on the entire job if it had been completed.

On October 16, 1946, the plaintiff filed a certificate of mechanic's lien stating therein that the amount due was $7000. In misstating the amount due it was not

his intent to deceive, nor was anyone prejudiced thereby. The defendants DeSimone and Prete also filed mechanics' liens. The amount due DeSimone from the plaintiff as of September 12, 1946, was $592, and the amount due Prete as of that date was $1400. That would leave due the plaintiff, over and above these amounts, $518.

Upon the foregoing report, the trial court finally, on December 29, 1949, entered a judgment of foreclosure of the respective liens, finding the debt due the plaintiff to be $615.21, the debt due the defendant, DeSimone, $703.10, and the debt due Prete, $1662.73, and fixing law days for redemption.

In determining the correctness of this judgment, we need not discuss the assignments of error in detail. In the main, the defendants contend that on the subordinate facts the referee was not warranted in concluding that the plaintiff had substantially performed his contract. From this they argue that he is not entitled to recover the reasonable value of his services, particularly when, if he is allowed anything now, the cost of the house to them will, on the basis of other findings of the referee, exceed the contract price. The finding that the plaintiff had substantially performed his contract is a finding of fact which cannot be disturbed. The argument of the defendants ignores the point that upon the facts found by the referee the conclusion of law was inevitable that it was the defendants who breached the contract. The time of payments specified in the contract was material and of the essence of the contract. The unwarranted refusal of the defendants to pay the third instalment when it was due and their insistence that the plaintiff would have to complete the erection of the house before he received any further payments justified him in abandoning the work. It entitled him, upon his election, to recover in quantum

meruit for the reasonable value of the labor and materials already furnished by him instead of seeking damages for breach of the express contract. *Valente* v. *Weinberg,* 80 Conn. 134, 135, 67 A. 369; *Tompkins, Inc.* v. *Bridgeport,* 94 Conn. 659, 682, 110 A. 183; *McCleave* v. *John J. Flanagan Co.,* 115 Conn. 36, 40, 160 A. 305; 17 C. J. S. 981, § 475. The report found that amount to be $2510 as of the time the defendants notified the plaintiff that they would make no further payments until he finished the work, and the court rightly concluded that he was entitled to recover it.

The defendants also assign as error the conclusion of the court that the mechanic's lien of the plaintiff was valid in spite of the fact that it grossly misstated the amount due. A misstatement in a certificate of lien of the amount due does not render the lien invalid if no fraud is intended thereby and no one is injured. *Soule* v. *Borelli,* 80 Conn. 392, 399, 68 A. 979; *Kiel* v. *Carll,* 51 Conn. 440, 441. The finding of the referee on that point justified the conclusion that the lien was valid.

After the remonstrance to the report of the referee had been overruled, the defendant DeSimone, on February 24, 1949, moved for judgment on the report. This motion was indorsed, "Granted August 19, 1949 by Wynne, J." A judgment file dated August 19, 1949, was prepared and signed by Judge Wynne. In that judgment file the adjudicating clause in its entirety was as follows: "Whereupon it is adjudged that the debt due to the plaintiff Nicola Morici from the defendants John H. Jarvie and Mary Jarvie is $2981.04 and costs of suit taxed at        Dollars."

Aside from the fact that this judgment fails to decide the issues on the cross complaint of the defendant Prete with his prayer for a foreclosure of his mechanic's lien, it is apparent that it does not in any way respond to the prayers for relief in the complaint. Those prayers for

relief were for a foreclosure of the plaintiff's mechanic's lien, possession of the premises covered by the lien and such other relief as to equity might appertain. The judgment does no more than find the amount of the debt due from the defendants to the plaintiff. It does not direct that the plaintiff recover that amount. It does not order a foreclosure of the lien. It does not fix any law days for redemption by any of the defendants.

This document, unlike the memorandum in *Zinman* v. *Maislen*, 89 Conn. 413, 416, 94 A. 285, cited by the plaintiff, was more than a mere memorandum intended as a preliminary to the judgment in the case. The memorandum in the *Zinman* case simply found the amount due the plaintiff in a foreclosure action and then directed that "Judgment of foreclosure may be prepared by plaintiff." That clearly indicated that the court intended the memorandum as a direction to enter judgment and not as a judgment in itself. In the present case, the document in question was entitled "Judgment" and was signed "Wynne, Judge." It is apparent on the face of the document that the judge intended it to be the final judgment in the case.

As a judgment it was clearly inadequate. Any judgment, to be adequate as such, must respond to the prayers for relief. *Makzoume* v. *Makzoume*, 50 Cal. App. 2d 229, 232, 123 P. 2d 72; *Spalding* v. *Bank*, 78 Mo. App. 374, 381; *School Directors* v. *Newman*, 47 Ill. App. 364, 366; 49 C. J. S. 51, § 21; see *Hall* v. *Paine*, 47 Conn. 429, 430; *National Circle* v. *Hines*, 88 Conn. 676, 683, 92 A. 401 (which turned on a waiver). In a foreclosure action, the judgment must either find the issues for the defendant or determine the amount of the debt, direct a foreclosure and fix the law days. See *Zinman* v. *Maislen*, supra, 416. The judgment dated August 19, 1949, failed either to direct a foreclosure or

to fix law days. It failed to respond to the prayers for relief and was, therefore, erroneous.

After the judgment was entered, the plaintiff, on December 8, 1949, filed a motion "to amplify judgment." Pursuant to that motion, the court entered judgment on December 29, 1949, in which it is found that the motion to amplify the former judgment should be granted and further that judgment is formally entered as of August 19, 1949. The judgment goes on to find the amounts due the plaintiff and each of the defendants who claimed mechanics' liens and directs a foreclosure with law days for each of the defendants.

The term of court at which the August 19 judgment was rendered expired on the Thursday before the third Tuesday of September, 1949. General Statutes § 7622. Whether the intent of the judgment entered December 29 was to modify the judgment of August 19 so that the judgment in the case would be as of the latter date or whether the intent was to ignore the earlier judgment and enter the judgment in the case as of December 29 makes little difference. In either event the trial court was in December attempting to modify the purported final judgment of August 19 after the expiration of the term of court at which it was entered.

It is well settled that, unless proceedings looking to modification of a judgment are started before the expiration of the term of court at which it was entered, a court has no power to modify it in matters of substance, as distinguished from the correction of clerical errors, after the expiration of the term, except by consent or waiver of the parties or in proceedings for a new trial. *Ferguson* v. *Sabo,* 115 Conn. 619, 621, 162 A. 844; *Foley* v. *George A. Douglas & Bro., Inc.,* 121 Conn. 377, 379, 185 A. 70; *Potter* v. *Prudential Ins. Co.,* 108 Conn. 271, 282, 142 A. 891; *Goldreyer* v. *Cronan,* 76 Conn. 113, 116, 55 A. 594; *Hall* v. *Paine,* supra, 430.

In the present case, the modification of the judgment was one of substance. The defendants did not consent to the trial court's undertaking to modify the earlier judgment, nor did they in any way waive their right to object. They have recognized the December 29 judgment only to the extent of appealing from it, and that does not constitute a waiver. *Foley* v. *George A. Douglas & Bro., Inc.*, supra, 380. The December 29 judgment was not entered after any proceedings for a new trial. The motion to amplify the earlier judgment was itself filed after the expiration of the term in which that judgment was entered.

On the whole case, therefore, the first judgment was erroneous because it did not respond to the prayers for relief, and the judgment dated December 29 was erroneous because it was not within the power of the trial court to render it. Accordingly, even though the content of the latter judgment was substantially correct, it is necessary to set it and the earlier one aside and direct the entry of a new judgment.

There is error, the judgments are set aside and the case is remanded with direction to render judgment in accordance with this opinion, including the fixing of new law days.

In this opinion the other judges concurred.