[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties agree, and the court finds that this appears tobe a case of first impression in Connecticut.
The parties filed a Stipulation of Facts on August 11, 1997, the date of the oral hearing before this court. Said stipulation is attached hereto as Exhibit A. The court adopts said stipulation and finds the facts described therein. On August 11, 1997, the court also heard testimony from Lindell Braasch, the Tax Assessor for the Town of Coventry.
This is an appeal based upon the Coventry Tax Assessor, (hereinafter "Assessor"), revising the tax assessments on the plaintiff's real estate retroactively for the assessment lists of October 1, 1991, October 1, 1992, October 1, 1993 and October 1, 1994. Notification to the plaintiff was made on March 1, 1995. Plaintiff appealed these actions to the Board of Tax Review on January 16, 1996, which appeal was timely filed under the provisions of Connecticut General Statutes § 12-111. On March 19, 1996 the Coventry Board of Tax Review (hereinafter "CBTR") informed the plaintiff of its decision denying the appeal. On May 6, 1996, the plaintiff initiated this appeal to the Superior Court within the time limit set forth in Connecticut General Statutes § 12-117a. Accordingly, the court finds that both appeals were timely filed. CT Page 9952
AGGRIEVEMENT:
The plaintiff's complaint does not claim aggrievement, but merely states that it claimed aggrievement before the CBTR. However, in light of the stipulation, the court finds that the plaintiff owns the property subject of both appeals and the prior reassessments, and, therefore, finds the plaintiff an aggrieved party for the purposes of the appeal to the CBTR and the appeal to this court.
ISSUES:
The dispositive issue in this appeal is whether Connecticut General Statutes § 12-60 permits the retroactive reassessment of the premises subject of this appeal. This depends upon whether the Assessor made a . . . ". . . clerical omission or mistake" to justify the action taken under Connecticut General Statutes §12-60.[1] To determine that, certain facts are relevant which the court has already found or hereby finds.
1. The subject land containing twenty-one acres had consisted of five (5) separate parcels.
2. On January 23, 1990, Lawrence R. Smith conveyed said premises to Millbrook Associates of Coventry, Inc. The deed to the property described same by a single running legal description and referred to it as "A certain parcel of land. . . . Said parcel of land contains 929,015.39 square feel or 21.3 acres." On its face, this deed expresses the intent to convey the land as one parcel. Although no prior deeds are in evidence, the stipulation states that "2. Historically the land . . . consisted of five (5) separate parcels of land." It is a reasonable inference to draw from this fact that the deed aforementioned was different from the preceding deed, that this was known to the Assessor, and that she logically and reasonably drew the inference that the intent of the grantor and the grantees of such deed was to have the five (5) parcels merge into one.
3. Accordingly, thereafter, the Assessor, commencing October 1, 1991, assessed the property as one parcel.
4. On December 19, 1994 Millbrook Associates of Coventry, Inc., then owner of the property and represented by the same attorney who represents the plaintiff[2], notified the Assessor by a letter from said attorney that it never intended that the five CT Page 9953 original parcels be merged into a single lot as assessed.
5. Having learned the true intent of the previously mentioned conveyance, the Assessor did her reassessments accordingly.
Plaintiff claims that the "mistake" made by the Assessor on October 1, 1991 was not a clerical omission or mistake. Rather, plaintiff claims it was a substantive mistake and it was also a mistake of law rather than a mistake of fact; and that Connecticut General Statutes § 12-60 allows a correction only "according to fact".
The court is not persuaded by plaintiff's argument.
The court has reviewed the legislative history of Connecticut General Statutes § 12-60 and finds nothing of relevance to this issue.
The court finds that the mistake was not of a substantive nature. A mistake of substance is one in which property which should have been included was not, and property which should have been excluded was included. In Reconstruction FinanceCorporation v. Naugatuck, 136 Conn. 29, 30-32, (1949) the court decided that the Assessor could not on June 14, 1948 add machinery to the assessment of October 1, 1947 even though Congress had repealed the exemption for same effective June 30, 1947. The court stated that such reassessment was much more than a clerical error or omission. ". . . for it concerned the very substance and extent of the assessment".
The mistake was not a mistake of law either. The original mistake was in allowing the deed to be drawn as one parcel. The Assessor was merely following the plain language of the deed. The Assessor was within her right, based upon the wording of the deed, to conclude that the subject property was one parcel. It was not until December 19, 1994, almost three years from the conveyance of the one parcel on January 23, 1990 that the Assessor was informed of the "true intent" of the property owners. This intent was shown to her almost three years after the conveyance of one parcel, and the letter of December 19, 1994 cannot be allowed to overcome the intent expressed in the deed itself of conveying one parcel if it would be, as it would be here, detrimental to the Town of Coventry. If the action was one of law, and the court does not believe it was, it was a correct CT Page 9954 interpretation of the law.
The court finds that the error, as claimed by plaintiff, was a clerical mistake of fact within the parameters and/or meaning of Connecticut General Statutes § 12-60.
Further, consideration should be given to the fact that the mistake in conveying "a parcel" was that of the plaintiff's predecessor in title and not that of the Assessor. In West Havenv. Aimes, 123 Conn. 543, 547 (1938), property was listed by a husband as his own when it actually belonged to him and his wife. Concluding that the husband was acting as his wife's agent, the court upheld the Assessor's action in 1932 retroactively assessing both the husband and the wife for said property for the years 1929-1931. "It would be unjust for a property owner to escape taxation because by an act of his agent the property was listed as belonging to the agent rather than to the true owner." The court found it to be a mistake under the predecessor of Connecticut General Statutes § 12-60. The husband's and wife's objection in that case just as the plaintiff's objection in the case at bar should not be sustained. "To do so, is in effect to ask the court to put its stamp of approval upon his own illegal act." Id. at 547. In the case at bar, the same would apply as to plaintiff's predecessor's mistake.
Further, Connecticut General Statutes § 12-117a presumably under which this appeal has been taken provides inter alia: "The court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable . . ." This court finds that it would be inequitable for the plaintiff, to whom knowledge of its predecessor about the deed is imputed to it, through the same attorney as well as through a simple title search before buying the property, to profit by its mistake in the deed describing the property as a parcel. It would also be inequitable to the other taxpayers of Coventry who should not lose tax revenue to the Town because of the mistake of the plaintiff and/or its predecessor.
Finally, the court must consider the value of the land as it actually physically exists or existed and not the value of a fictitious parcel that has "existence" only on an erroneous building card, or in this case on an erroneous deed which produced erroneous tax records. See Konover v. Town of WestHartford, 242 Conn. 727 (September, 1997). Although Konover, supra, is not an interpretation of Connecticut CT Page 9955 General Statutes § 12-60 as is the case at bar, it does stand for the overall proposition that the ultimate duty of the court is to consider the value of the land as it actually physically existed. Based upon the intent expressed in the December 1994 letter to the Assessor that it was always intended that the five (5) parcels remain as five (5) parcels, this court finds that the land as it actually physically existed for the years in question was five (5) separate parcels and should have been valued accordingly.
The tax due date for the assessment list of October 1, 1991 was July 1, 1992 which is within the three (3) years required under Connecticut General Statutes § 12-60 for the reassessment done on March 1, 1995.
This court concludes that the reassessments done on March 1, 1995 for the lists of October 1, 1991, October 1, 1992, October 1, 1993, and October 1, 1994 as well as October 1, 1995 were properly and lawfully done under the provisions of Connecticut General Statutes § 12-60.
Accordingly, the appeal is dismissed.
Rittenband, J.