******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBINSON, C. J., concurring in part and dissenting in part. I respectfully disagree with part II of the majority opinion, in which the majority concludes that a municipal assessor's untimely filing of statutory penalties under General Statutes § 12-63c (d)[1] was not a clerical error subject to correction under General Statutes § 12-60.[2] Given this conclusion, the majority affirms the judgment of the Appellate Court, which reversed the judgment of the trial court and directed it to sustain the tax appeals filed by the plaintiffs, Wilton Campus 1691, LLC, Wilton River Park 1688, LLC, and Wilton River Park North, LLC, from the penalties imposed by the municipal assessor for the defendant, the town of Wilton, pursuant to § 12-63c (d). See *Wilton Campus 1691*, *LLC* v. *Wilton*, 191 Conn. App. 712, 731, 736, 216 A.3d 653 (2019). Given the distinction between clerical errors and errors of substance elucidated in case law from this court and sister state courts, I conclude that the assessor's delay in imposing the penalties under § 12-63c (d) was a clerical error for purposes of § 12-60, thus allowing him to correct it beyond the time limitation set forth in General Statutes § 12-55 (b).[3] Because I would reverse the judgment of the Appellate Court, I respectfully dissent in part.

I begin by noting my agreement with the facts and procedural history recited in the majority opinion. I also agree with part I of the majority opinion, in which the majority concludes that the penalties imposed under § 12-63c (d) are " 'assessment[s] . . . required by law' " within the meaning of § 12-55 (b). Part I of the majority opinion. I part company with the majority insofar as it concludes that the assessor did not have authority under § 12-60 to correct the grand list to reflect the imposition of the penalties because the assessor intentionally delayed imposing the penalties, which rendered his mistake substantive rather than clerical.

As the majority notes, whether the assessor's mistake is a clerical error for purposes of § 12-60 presents an issue of statutory construction, which is a question of law over which we exercise plenary review. See, e.g., *Boisvert* v. *Gavis*, 332 Conn. 115, 141, 210 A.3d 1 (2019). It is well settled that we follow the plain meaning rule pursuant to General Statutes § 1-2z in construing statutes "to ascertain and give effect to the apparent intent of the legislature." (Internal quotation marks omitted.) *Sena* v. *American Medical Response of Connecticut*, *Inc.*, 333 Conn. 30, 45, 213 A.3d 1110 (2019); see id., 45–46 (setting forth plain meaning rule). Beginning with the text, § 12-60 provides in relevant part: "Any clerical omission or mistake in the assessment of taxes may be corrected according to the fact by the assessors or board of assessment appeals, not later than three years

following the tax due date relative to which such omission or mistake occurred, and the tax shall be levied and collected according to such corrected assessment. . . ."

In determining whether the assessor's action in this case was "clerical" for purposes of § 12-60, we do not write on a blank slate. See, e.g., *Commissioner of Emergency Services & Public Protection* v. *Freedom of Information Commission*, 330 Conn. 372, 384, 194 A.3d 759 (2018). As the majority observes, this court has considered the scope of § 12-60 in two venerable cases, *Reconstruction Finance Corp.* v. *Naugatuck*, 136 Conn. 29, 68 A.2d 161 (1949), and *National CSS, Inc.* v. *Stamford*, 195 Conn. 587, 489 A.2d 1034 (1985), which I read to hold that an error is not clerical when it pertains to the substance or subject of the assessment. For example, in *Reconstruction Finance Corp.*, this court concluded that an assessor's error as to which personal property owned by a taxpayer was subject to taxation was more than a clerical error because "it concerned the very substance and extent of the assessment." *Reconstruction Finance Corp.* v. *Naugatuck*, supra, 32. Similarly, in *National CSS, Inc.* v. *Stamford*, supra, 589–90, this court considered an instance in which a taxpayer came to realize that it was not actually required to pay personal property taxes on computer equipment after it had paid such taxes. There, this court held that the taxpayer's mistake was not clerical in nature because, "although mistaken, [it] was deliberate and intentional . . . not clerical, [and could] only be characterized as an error of *substance*." (Emphasis added.) Id., 596.

I respectfully disagree with the majority's conclusion that *National CSS, Inc.*, and *Reconstruction Finance Corp.* control the present case. Neither contains a construction of the statute that limits the definition of clerical error as to exclude mistakes made during the execution of ministerial duties, such as filing an assessment. Both cases are distinguishable from the present case because they implicated situations in which the substance of the assessment—indeed, *its very subject*— was the subject of the mistake. This distinction is consistent with decisions of sister state courts construing similar statutes, which demonstrate that the subject of the mistake is a significant consideration in determining if an error is clerical or one of substance.[4] See *American Legion, Hanford Post 5* v. *Cedar Rapids Board of Review*, 646 N.W.2d 433, 439 (Iowa 2002) (mistake of writing or copying is clerical whereas mistake of law or judgment in assessing property is error of substance); *Bridgewater Interiors* v. *Detroit*, Docket No. 241136, 2003 WL 22796986, *2 (Mich. App. November 25, 2003) (definition of clerical error was not restricted to only typographical errors, but does not include assessor's substantive decision after considering all relevant facts); *Collin County Appraisal District* v. *Northeast Dallas Associates*, 855 S.W.2d 843, 846–47 (Tex. App.

1993) (Texas property tax code defines clerical error as "an error . . . that is or results from a mistake or failure in writing, copying, transcribing, entering or retrieving computer data, computing, or calculating . . . [but] does not include an error that is or results from a mistake in judgment or reasoning in the making of the finding or determination" (internal quotation marks omitted)); *Commonwealth* v. *Richmond-Petersburg Bus Lines, Inc.*, 204 Va. 606, 610, 132 S.E.2d 728 (1963) (clerical errors usually involve mistake by clerk or agent that does not require judicial consideration or discretion); *Meckem* v. *Carter*, 323 P.3d 637, 643 (Wyo. 2014) ("[a] clerical error is a mistake or omission of a mechanical nature that prevents the judgment as entered from accurately reflecting the judgment that was rendered" (internal quotation marks omitted)). But see *St. Catherine Hospital* v. *Roop*, 34 Kan. App. 2d 638, 639–40, 645, 122 P.3d 414 (2005) (assessor's mistaken guess of building materials when evaluating property was clerical error).

In the present case, the Wilton assessor mistakenly delayed imposing the penalties until after the signing of the grand list. The majority agrees with the Appellate Court's conclusion that, "because the assessor's omission of the late filing penalties at issue from the 2014 grand list at the time he signed it was of a deliberate nature such that [the assessor] at the time actually intended the results that occurred, it cannot be said to be clerical." (Internal quotation marks omitted.) Part II of the majority opinion, quoting *Wilton Campus 1691, LLC* v. *Wilton*, supra, 191 Conn. App. 734. I, however, agree with the defendant that the assessor's mistake is not substantive because it does not relate to the amount or propriety of the assessment *itself*. Unlike the assessments at issue in *Reconstruction Finance Corp.* v. *Naugatuck*, supra, 136 Conn. 31, and *National CSS, Inc.* v. *Stamford*, supra, 195 Conn. 589–90, the assessor's mistake was deliberate only as to the time of filing, and it did not relate to the substance of the penalties or the ultimate outcome of the assessment. Because the assessor's mistake was limited to the ministerial task of filing the assessment and did not alter the content of the assessment, I conclude that it was a clerical error subject to correction under § 12-60 and not an error of substance. Accordingly, I conclude that the Appellate Court improperly reversed the trial court's judgment and sustained the plaintiffs' tax appeals on the ground that "§ 12-60 does not apply so as to permit the retroactive adjustment to the assessments on the basis of the late filing penalties." *Wilton Campus 1691, LLC* v. *Wilton*, supra, 734.

Because I would reverse the judgment of the Appellate Court, I respectfully dissent in part.

[1] General Statutes § 12-63c (d) provides: "Any owner of such real property required to submit information to the assessor in accordance with subsection (a) of this section for any assessment year, who fails to submit such information as required under said subsection (a) or who submits information in

incomplete or false form with intent to defraud, shall be subject to a penalty equal to a ten per cent increase in the assessed value of such property for such assessment year. Notwithstanding the provisions of this subsection, an assessor or board of assessment appeals shall waive such penalty if the owner of the real property required to submit the information is not the owner of such property on the assessment date for the grand list to which such penalty is added. Such assessor or board may waive such penalty upon receipt of such information in any town in which the legislative body adopts an ordinance allowing for such a waiver."

[2] General Statutes § 12-60 provides: "Any clerical omission or mistake in the assessment of taxes may be corrected according to the fact by the assessors or board of assessment appeals, not later than three years following the tax due date relative to which such omission or mistake occurred, and the tax shall be levied and collected according to such corrected assessment. In the event that the issuance of a certificate of correction results in an increase to the assessment list of any person, written notice of such increase shall be sent to such person's last-known address by the assessor or board of assessment appeals within ten days immediately following the date such correction is made. Such notice shall include, with respect to each assessment list corrected, the assessment prior to and after such increase and the reason for such increase. Any person claiming to be aggrieved by the action of the assessor under this section may appeal the doings of the assessor to the board of assessment appeals as otherwise provided in this chapter, provided such appeal shall be extended in time to the next succeeding board of assessment appeals if the meetings of such board for the grand list have passed. Any person intending to so appeal to the board of assessment appeals may indicate that taxes paid by him for any additional assessment added in accordance with this section, during the pendency of such appeal, are paid 'under protest' and thereupon such person shall not be liable for any interest on the taxes based upon such additional assessment, provided (1) such person shall have paid not less than seventy-five per cent of the amount of such taxes within the time specified or (2) the board of assessment appeals reduces valuation or removes items of property from the list of such person so that there is no tax liability related to additional assessment."

[3] General Statutes § 12-55 (b) provides in relevant part: "Prior to taking and subscribing to the oath upon the grand list, the assessor or board of assessors shall equalize the assessments of property in the town, if necessary, and make any assessment omitted by mistake or required by law. . . ."

[4] I also find instructive a line of cases from this court distinguishing between judicial errors and clerical errors in guiding our determination of whether an assessor's error is clerical or one of substance for purposes of § 12-60. We have held that filing mistakes that cause the judgment file to be inconsistent with the decision rendered are clerical rather than substantive errors. See *Brown* v. *Clark*, 81 Conn. 562, 569, 71 A. 727 (1909) (failing to properly include interest for certain period in filing judgment was clerical mistake and not judicial error). Similarly, when a court seeks to correct a phrasing mistake that does not affect the substance of the judgment itself, this court has held that such a change is not substantive in nature. See *Blake* v. *Blake*, 211 Conn. 485, 495–96, 560 A.2d 396 (1989) (trial court's changed characterization of judgment was not substantive change). When the court seeks to correct a mistake by altering the contents of the judgment itself, however, it makes a substantive rather than a clerical change. See *Morici* v. *Jarvie*, 137 Conn. 97, 104–105, 75 A.2d 47 (1950) (modification to foreclosure judgment sought to correct error of substance because it altered details of judgment); *Goldreyer* v. *Cronan*, 76 Conn. 113, 117–18, 55 A. 594 (1903) (failure to include interest in judgment as rendered, rather than as recorded, was error of substance).